## NORMAN et ux. v. VALLEY GIN CO.

### No. 3021.

Court of Civil Appeals of Texas. Beaumont.

Dec. 16, 1936.

Rehearing Denied Dec. 23, 1936.

W. B. Lewis, of Harlingen, and R. O. Kenley, of Houston, for appellants.

Strickland, Ewers & Wilkins, of Mission, and Touchstone, Wight, Gormley & Price, of Dallas, for appellee.

O'QUINN, Justice.

Appellants were plaintiffs below, and appellee was the defendant. We shall refer to them as such.

Plaintiffs sued defendant to recover for the death of their infant son, David Norman, some 2 years and 8 months old. They did not bring their suit under the death statute, article 4671, but sought to recover as heirs to the estate of their deceased child, under the survival statute, article 5525, R.S.1925, as amended by Acts 1927, c. 239, § 1 (Vernon's Ann.Civ.St. art. 5525) for the value of his destroyed earning capacity based upon his life expectancy.

Plaintiffs, for cause of action, alleged that their son, David Norman, was negligently killed by a truck owned and controlled by the defendant, Valley Gin Company, a corporation incorporated under the laws of the state of Texas, fully and

specifically alleging the acts of negligence. They alleged that their son, David Norman, was negligently struck by the truck, from the effects of which he died within some four hours; that he suffered great pain during the time he lived, but did not allege that he suffered conscious pain, and in their brief admit that the pain and suffering of deceased was not at any time conscious.

They further alleged that they were the legal and only heirs of the deceased, and that, as such, they were entitled to recover the value of his estate, alleged to be his earning capacity during the time after he became 21 years of age until the time of his death, had he not received the fatal injury, which they alleged to be for and during his life expectancy, or 32 years, at the rate of $150 per month, aggregating the sum of $57,600, the present worth of which was alleged to be $25,000. In other words, they sued for the present value of the life of deceased, measured by his earning capacity, alleged to be $150 per month for the period of his life expectancy, 32 years, after his becoming 21 years of age, stated to be $25,000. This, they alleged, constituted the estate of deceased to which, as his legal and only heirs, they were entitled and for which they sued.

Defendant answered by general demurrer, several special exceptions leveled at various paragraphs of appellants' petition containing allegations of facts as a basis entitling them to recover, because, as a matter of law, appellants, on the facts alleged, were not entitled to recover; plea of contributory negligence on the part of appellants in permitting their said child to be out and upon the public highway under the circumstances alleged; and plea of res adjudicata that appellants had theretofore filed suit in the same forum as here, in cause No. A–2456 seeking to recover against defendant for damages for the death of their said son (under article 4671, R.S.1925, death statute), which said suit was duly tried and resulted in a judgment against plaintiffs denying them any recovery, which judgment became, was, and is a final judgment, and which defendant pleaded as res adjudicata against the cause of action herein set up; and plea of unavoidable accident, and other defenses not necessary to mention.

The court sustained the general demurrer and each of the special exceptions, and plaintiffs, declining to amend, dismissed the suit. This appeal is from that order.

The closing paragraph of plaintiffs' petition, and their prayer for relief, are:

"IX. That the said David Norman would have lived, according to his life expectancy, 32 years after becoming 21 years of age; that his earning power from the time he became 21 years of age up until the time of his death, had he not received the injury, would have been at least $150.00 per month, as his life expectancy after he became 21 years of age would be 32 years and he would have earned for the benefit of his estate $57,600.00; that the present worth of said sum, if paid now, would be $25,000.00; that his earning power was completely destroyed, his life taken away and he suffered pain and anguish to the amount of $5,000.00.

"Wherefore, plaintiffs pray that upon final hearing they have judgment in the sum of $25,000.00, which is due the estate of the said David Norman, now deceased, and due them as heirs of said estate, because of the acts and conducts and injuries hereinbefore set out and for costs of suit, which they will ever so pray."

The right to recover for any pain suffered by the deceased, is not urged, it being conceded that whatever pain the child may have suffered during the less than four hours it lived after the injury was not conscious, and recovery for such pain is not sought.

There is but one question in this case, and that is, where one is injured and later dies as a result of the injuries, may a recovery be had under article 5525, R.S. 1925, as amended by Acts 1927, c. 239, § 1 (Vernon's Ann.Civ.St. art. 5525), for the present value of such earnings as the deceased would probably have earned during the period of his life expectancy had he not been killed.

Whatever right of recovery plaintiffs have is given them by statute. The right of recovery does not otherwise exist. Recovery is sought under article 5525, R.S. 1925, as amended (Vernon's Ann.Civ.St. art. 5525), survival statute. That article reads: "All causes of action upon which suit has been or may hereafter be brought for personal injuries, or for injuries resulting in death, whether such injuries be to the health or to the reputation, or to the person of the injured party, shall not abate by reason of the death of the person against whom

such cause of action shall have accrued, nor by reason of the death of such injured person, but in the case of the death of either or both, all such causes of action shall survive to and in favor of the heirs and legal representatives and estate of such injured party, and against the person or persons liable for such injuries and his or their legal representatives and may be instituted and prosecuted as if such person or persons against whom same accrued were alive."

█ Under this statute, the cause of action that survives is for damages for injuries received by the injured party, which, if he lives, may be recovered by him, but, if he dies from the injuries, then his heirs and legal representatives have the right to recover the same damages that the injured party, had he lived, could have recovered. That is, his right to recover damages because of the injuries which he has suffered up to the time of his death, survives to his heirs, legal representatives, and estate. The value of his life, measured by his earning power during the period of his life expectancy, is not the estate, the right to recover which is provided by the statute.

█ It is believed that, where one is negligently injured, and from which injury he dies, the cause of action which had accrued to him for damages suffered up to the time of his death survives to his heirs, but that, when death ensues, a new cause of action is created by article 4671 (death statute). His beneficiaries, under the death statute, may then institute suit and recover such damages as they have suffered by reason of his death. In the instant situation, Norman and his wife had the right to institute and maintain a suit to recover such pecuniary loss as they had sustained through the death of their small child. If permitted to recover, the present value of the earnings of the child during its minority and the present value of such contributions as they might reasonably expect to have received from him after maturity, had he lived, would have been the measure of such pecuniary loss. However, they had filed suit to recover these damages under this article (4671), and the judgment therein became final. No such element of damage is involved here.

The court properly sustained the demurrers, therefore the judgment is affirmed.