**Susan Carol KNAPP, Appellant,**

**v.**

**Richard H. EPPRIGHT, Appellee.**

**No. C14–88–465–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 21, 1989.

Morton Look, Houston, for appellant.

Robert J. Swift, Pamela A. Hunter, Houston, for appellee.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

## OPINION

PAUL PRESSLER, Justice.

This is an appeal from a summary judgment for the defendant in a medical malpractice case. As a result of an injury when she was thirteen, appellant's left leg was approximately 1½ inches shorter than her right leg. The appellee performed a leg-lengthening procedure. Complications arose causing appellant's leg to "bow" and the screws holding a plate in her leg broke some time after the operation. Appellant brought a medical malpractice action against appellee for her alleged injuries. The trial court granted appellee's Motion for Summary Judgment. We affirm.

In points of error one and four, appellant asserts that the trial court erred in granting the summary judgment since the appellant's pleadings establish a genuine issue of material fact as to the allegations of "failure to give informed consent"; "failure to cure"; "breach of warranty"; and abandonment. These allegations are contained in appellant's amended petition

which was filed after the appellee's motion for summary judgment. The appellant's original petition, apparently asserting only a negligence cause of action, is not included in the record before this court. In its absence, it must be presumed to support the summary judgment. *Desantis v. Wackenhut Corp.*, 31 TEX.SUP.CT.J. 616 (July 13, 1988); *DeBell v. Texas General Realty*, 609 S.W.2d 892 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ).

■■■ For an issue to be properly before the trial court on a motion for summary judgment, it must be expressly presented to the court either by a written motion, answer or response to the motion. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 677 (Tex.1979); TEX.R. CIV.P. 166a(c). Although appellant filed the amended petition prior to the time the summary judgment was granted, pleadings do not constitute summary judgment evidence. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex. 1979); *Hidalgo v. Sur. Sav. & Loan Ass'n*, 462 S.W.2d 540 (Tex.1971). Although the record implies that a response to appellee's motion was filed since appellee's "Reply to Plaintiff's Controverting Motion in Response to Defendant's Motion for Summary Judgment" is a part of the transcript, an answer by the appellant is not a part of the record before this court. In the absence of a response, the only issue before an appellate court is whether the motion for summary judgment is sufficient as a matter of law. *Fisher v. Capp*, 597 S.W.2d 393, 397 (Tex.App.—Amarillo 1980, writ ref'd n.r.e.).

■■■ Appellee presented the affidavits of Dr. Eppright and Dr. Bruce Cameron. Appellant erroneously argues that the expert testimony of a defendant physician is insufficient summary judgment proof. Texas case-law and TEX.R.CIV.P. 166a(c) specifically allow the testimony of an interested witness. *See Milkie v. Metni*, 658 S.W.2d 678, 680 (Tex.App.—Dallas 1983, no writ). The appellee's affidavits negate the elements of a breach of duty and proximate causation. Once the movant had established a right to a summary judgment on

the issues presented, the non-movant must present a genuine issue of material fact that would preclude the entering of a summary judgment. *Wheeler v. Aldama-Luebbert*, 707 S.W.2d 213, 215 (Tex.App.—Houston [1st Dist.] 1986, no writ). Appellant did not present this court any reply to the motion for summary judgment other than an amended petition. Appellant did submit the affidavit of Dr. Dirk Nelson of Chicago, Illinois, but this is not competent summary judgment proof since it was not submitted to the trial court until twenty-five days after entry of the order granting summary judgment. It is within the trial court's discretion to allow late filing of opposing proof or to consider any late filed answer only up to the time judgment is rendered on the motion. TEX.R.CIV.P. 166a(c); *Nava v. Steubing*, 700 S.W.2d 668 (Tex.App.—San Antonio 1985, no writ). Since the affidavit of Dr. Nelson was not before the court when the judgment was rendered, it cannot be considered on appeal. *Pinckley v. Gallegos*, 740 S.W.2d 529 (Tex. App.—San Antonio 1987, no writ). Also the issues raised in appellant's amended petition, such as deceptive trade practices and breach of warranty, are not valid issues in a health care liability case. TEX. REV.CIV.STAT.ANN. art. 4590i, § 12.01 (Vernon Supp.1988); *Dennis v. Allison*, 698 S.W.2d 94 (Tex.1985). Appellant's theory of abandonment also does not apply because the evidence shows that appellant terminated the doctor-patient relationship. There can be no abandonment when the patient has voluntarily chosen not to return to her doctor. *Lee v. Dewbre*, 362 S.W.2d 900 (Tex.Civ.App.—Amarillo 1962, no writ). Appellant's points of error one and four are overruled.

■■■ In point of error number two, appellant asserts that the trial court erred in allowing the affidavit of appellee to be controlling on the issue of "informed consent". Informed consent, as it relates to a medical malpractice claim, is governed by the Medical Liability and Insurance Improvement Act. TEX.REV.CIV.STAT.ANN. art. 4590i (Vernon Supp.1988). Section 6.03 of this Act created the Texas Medical Disclo-

sure Panel. Its responsibility is to evaluate all medical and surgical procedures and place them on either List A or List B. List A procedures require some disclosure of the risks involved in the treatment. List B procedures require no such disclosure. A rebuttable presumption that the physician was not negligent exists if the Panel's guidelines are followed. If a procedure is not on either list, as in the instant case, then the doctor is under the "duty otherwise imposed by law." TEX.REV.CIV.STAT. ANN. art. 4590i § 6.07(b). This duty is one to disclose all risks and hazards which could influence a reasonable person in making her decision to consent to the procedure. *Peterson v. Shields*, 652 S.W.2d 929 (Tex.1983).

TEX.R.CIV.P. 166a(c) provides that:

A summary judgment may be based on the uncontroverted testimonial evidence of an interested witness, or of an expert witness as to subject matter concerning which the trier of fact must be guided solely by the opinion testimony of experts, if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted.

The appellee's affidavit meets these requirements in that it sets forth his qualifications, the medical services rendered to the appellant, the inherent risks and hazards discussed, and his opinion that nothing he did or failed to do caused or contributed to any of the appellant's alleged injuries. The doctor's affidavit is clear, direct, positive, credible and free from contradictions and inconsistencies. The appellant had opportunity to controvert this evidence but did not. The only conflicting affidavit presented to this court is that of Dr. Nelson, which was not timely filed with the trial court.

To raise a fact issue on informed consent, the appellant needs to show the existence of two elements: (1) the risk was inherent to the medical or surgical procedure undertaken, and (2) the risk was material, in that it could influence a reasonable person's decision to consent to the proce-

dure. *Barclay v. Campbell*, 704 S.W.2d 8 (Tex.1986). Appellant has failed to meet her burden. Both affidavits submitted by the appellee confirm that the appellant was appropriately advised of the potential risks associated with the surgical procedure. Further, the deposition testimony of the appellant, as set out in the "Defendant's Reply to Plaintiff's Controverting Motion", admits that Dr. Eppright discussed all risks of the procedure. Additionally, the appellee attached as an exhibit the actual consent form signed by the appellant just prior to her surgery. This form unequivocally states that the appellant conferred with the physician regarding the risks involved. The record shows that the risks and hazards which could influence a reasonable person in making her decision were disclosed. Appellant's point of error number two is overruled.

■ ■ In her third point of error, appellant complains that the trial court erred in allowing the appellee to file additional pleadings in support of its Summary Judgment Motion on the date of the hearing. Appellant's argument in this area is erroneous. The response complained of is stamped as received with a date three days before the hearing. The certificate of service attached to it indicates that appellant's counsel received the response on the same day it was filed. Appellant contends that TEX.R.CIV.P. 166a(c) sets a deadline of seven days prior to the hearing as a time limit for additional documents to be filed. This seven day limit applies only to the response of the non-movant to the Motion for Summary Judgment. It does not apply to a reply of the moving party to the response of the non-moving party. Nothing in Rule 166a(c) sets forth the time within which such a reply should be filed. Also, the appellant has not properly preserved this alleged error for appellate review since there is no record of the appellant's objection to the consideration of this evidence at the summary judgment hearing. The Texas Rules of Appellate Procedure require a timely objection or the presentation of another document which specifically identifies the alleged problem. TEX.R.APP.P. 52. Ap-

pellant's point of error number three is overruled.

The judgment of the trial court is affirmed.