**Ruby Mae WATERS ex rel. Will WALTON, Appellant,**

v.

**DEL–KY, INC., d/b/a Sunnyvale Manor, Appellee.**

No. 05–91–01064–CV.

Court of Appeals of Texas, Dallas.

Dec. 2, 1992.

David T. Marks, Houston and Charles J. Fortunato, Dallas, for appellant.

Michael W. Huddleston, Dallas, for appellee.

Before BAKER, BURNETT, and ROSENBERG, JJ.

## OPINION

BAKER, Justice.

Ruby Mae Waters brought a survivorship action against Del–Ky, Inc., d/b/a Sunnyvale Manor, for her deceased brother, Will Walton. Based upon Sunnyvale's affirmative defense of limitations, the trial court granted Sunnyvale summary judgment on all of Waters's claims. Waters contends the trial court erred in granting Sunnyvale a summary judgment because Sunnyvale did not conclusively establish its limitations defense and did not negate her claims of the application of various tolling statutes. Waters also contends the four-year rather than the two-year statute of limitations applies to her deceptive trade practices claim. Finally, she contends the Medical Liability and Insurance Improvement Act[1] does not govern her breach of fiduciary duty claim. We find these contentions without merit. We affirm the trial court's judgment.

## FACTUAL BACKGROUND

Sunnyvale is a nursing home providing long-term care for the elderly. Will Walton was an elderly Sunnyvale patient who required constant attention. On October 4, 1987, Walton fell from a second-floor window at Sunnyvale. Sunnyvale discharged him as a patient on October 5, 1987. The next day, a Sunnyvale employee telephoned Waters and informed her of the incident. Walton died from his injuries on October 10, 1987. Walton's death certificate, which Waters signed on October 11, 1987, states that Walton died as a result of "multiple blunt force injuries" from an "accident" occurring at a "Nursing Home" when he "[f]ell from 2nd story window to ground."

Katherine Bates, the Executive Director of United People for Better Nursing Home Care, stated she visited Waters on November 16, 1987. Bates said Waters did not know that her brother had died or that he had been in a nursing home. Bates stated Waters did not know her brother had fallen from the second story window. No one had told Waters these facts. Bates encouraged Waters to hire an attorney.

On October 9, 1989, Waters sent a notice letter to Sunnyvale claiming Sunnyvale did not properly care for her brother and claiming damages for Sunnyvale's negligence. On December 27, 1989, Waters sued Sunnyvale under the Texas Survivorship statute[2] for her brother's injuries. Waters alleged claims against Sunnyvale based upon negligence and negligence per se under the survivorship statute, breach of express warranties under the D.T.P.A.,[3] breach of fidu-

---

**1.** *See* Tex.Rev.Civ.Stat.Ann. art. 4590i (Vernon Supp.1992).

**2.** Tex.Civ.Prac. & Rem.Code Ann. § 71.021 (Vernon 1986).

**3.** *See* Tex.Bus. & Com.Code Ann. §§ 17.41–17.826 (Vernon 1987 & Supp.1992), known as the Deceptive Trade Practices–Consumer Protection

ciary duty, and breach of good faith and fair dealing. Waters claimed damages on behalf of her brother's estate for medical and funeral expenses, physical pain, suffering, and mental anguish, and all other damages sustained by her brother before his death.

Sunnyvale answered and asserted the affirmative defense of limitations. Sunnyvale moved for summary judgment on all Waters's claims based upon the two-year statute of limitations. In response, Waters asserted that certain tolling statutes applied and that she timely filed her claim. The trial court granted Sunnyvale's motion on all Waters's claims.

## SUMMARY JUDGMENT

### A. Standard of Review

■■■ The standards we apply in reviewing a trial court's grant of a summary judgment are:

1. The movant for summary judgment has the burden of showing there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. Deciding whether there is a disputed material fact issue precluding summary judgment, we must take evidence favorable to the nonmovant as true.

3. We must indulge in every reasonable inference in favor of the nonmovant and resolve any doubts in its favor.

*See Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985).

■■ The summary judgment rule does not provide for a trial by deposition or affidavit. The rule provides a method of summarily ending a case that involves only a question of law and no genuine issue of material fact. *See Gaines v. Hamman*, 163 Tex. 618, 358 S.W.2d 557, 563 (1962). The trial court's duty is to determine if there are any fact issues to try—not to weigh the evidence or determine its credibility and try the case on affidavits. *Gulbenkian v. Penn*, 151 Tex. 412, 252 S.W.2d 929, 931 (1952).

### B. Summary Judgment— Statute of Limitations

■■ A party moving for summary judgment on the basis of limitations must conclusively establish the bar of limitations. *Zale Corp. v. Rosenbaum*, 520 S.W.2d 889, 891 (Tex.1975); *Parker v. Yen*, 823 S.W.2d 359, 362 (Tex.App.—Dallas 1991, no writ). If the nonmovant raises fact issues suspending limitations, the movant must conclusively negate these fact issues to show its entitlement to summary judgment. *See Vale v. Ryan*, 809 S.W.2d 324, 326 (Tex.App.—Austin 1991, no writ).

## THE NATURE OF WATERS'S CAUSES OF ACTION

We are concerned with the application of the statute of limitations to the following causes of action Waters asserts:

### A. Survivorship Action

Waters alleged a survivorship action against Sunnyvale for her brother's injuries resulting from Sunnyvale's negligence.

■■ At common law, personal injury actions do not survive the death of the injured party. *See Rose v. Doctor's Hosp.*, 801 S.W.2d 841, 845 (Tex.1990). Death abates an injured party's cause of action. *See Fort Worth & R.G. Ry. v. Robertson*, 103 Tex. 504, 131 S.W. 400, 400 (1910). A survivorship action is statutory in nature. *Norman v. Valley Gin Co.*, 99 S.W.2d 1065, 1066 (Tex.Civ.App.—Beaumont 1936, writ ref'd).

The current survival statute provides:

(a) A cause of action for personal injury to the health, reputation, or person of an injured person does not abate because of the death of the injured person or because of the death of a person liable for the injury.

(b) A personal injury action survives to and in favor of the heirs, legal representatives, and estate of the injured person. The action survives against the liable person and the person's legal representatives.

Act. All statutory references to the D.T.P.A. are to the Business and Commerce Code.

(c) The suit may be instituted and prosecuted as if the liable person were alive.

TEX.CIV.PRAC. & REM.CODE ANN. § 71.021 (Vernon 1986). By this statute, a decedent's action survives his death. The survivor prosecutes the action on his behalf. The survivorship action is wholly derivative of the decedent's rights. *Russell v. Ingersoll–Rand Co., Inc.*, 841 S.W.2d 343, 345 (Tex.1992). The actionable wrong is that which the decedent suffered before his death. *Russell*, 841 S.W.2d at 345. A defendant can raise the same defenses in the survivorship action that it could assert against the injured person. *Russell*, 841 S.W.2d at 345. Waters, as Walton's sole legal heir, brought the negligence action under the provisions of this statute.

### B. The D.T.P.A.—Express Warranty Action

Waters bases her D.T.P.A. action on Sunnyvale's alleged deceptive conduct in expressly warranting that Sunnyvale would provide and did provide services it in fact did not provide. Waters alleged that Sunnyvale breached the express warranties

(a) it made in the "medical care evaluation" for Will Henry Walton, that the "prescribed physical and medical care" could be adequately provided by Sunnyvale Manor when it in fact could not do so;

(b) it maintained an organized nursing service for its patients, which was composed of sufficient qualified personnel to provide adequate and properly supervised care during all hours when in fact it could not do so;

(c) it maintained a compliance on a continuing basis with all standards of participation promulgated by the State of Texas when in fact Sunnyvale did not; and

(d) if deficiencies in care existed, Sunnyvale would correct the same when in fact Sunnyvale did not do so.

The D.T.P.A. provides for a claim against another for breach of implied or expressed warranty. *See* D.T.P.A. section 17.50(a)(2).

### C. Breach of Fiduciary Duty/Breach of Good Faith and Fair Dealing

Waters alleged an additional cause of action against Sunnyvale for alleged breach of fiduciary duty and tortious breach of good faith and fair dealing duty. Waters asserts an alleged common-law action for breach of fiduciary duty and breach of a duty of good faith and fair dealing duty.

### D. Damages

In each of these causes of action, Waters alleged she should recover for her brother's estate for medical and funeral expenses, physical pain, suffering, mental anguish, and all other damages he sustained before his death.

### RELEVANT DATES

Dates relevant to the parties' contentions are:

October 4, 1987 Will Walton's fall from the second story of Sunnyvale's facility causing his injuries.

October 10, 1987 Will Walton's death.

October 11, 1987 Ruby Waters signs Will Walton's Death Certificate.

November 16, 1987 Katherine Bates visited Ruby May Waters in Tyler and told her of her brother's injuries and discussed the facts of those injuries.

October 9, 1989 Waters's notice letter to Sunnyvale.

December 27, 1989 Waters files suit against Sunnyvale for her injured's injuries and damages.

### THE NEGLIGENCE CAUSE OF ACTION

In her first point of error, Waters contends Sunnyvale did not conclusively establish its affirmative defense of limitations on the claim she alleged on her brother's behalf as his sole surviving heir. She asserts Sunnyvale did not conclusively negate the matters she raised in response to Sunnyvale's limitations defense.

Waters claims tolling of limitations because:

(a) her brother was of unsound mind from October 4, 1987, the date of his

injuries, to October 10, 1987, the date of his death. She asserts this disability tolled the statute of limitations under section 16.001(a)(2) and (b) of the Texas Civil Practice and Remedies Code;

(b) the statute was tolled for twelve months from October 1987 because of section 16.062(a) of the Texas Civil Practice and Remedies Code;

(c) Waters herself was of unsound mind sometime before October 1989, and she had the benefit of the tolling provisions of section 16.001(a)(2) and (b) of the Texas Civil Practice and Remedies Code;

(d) Sunnyvale fraudulently concealed its negligent acts; and

(e) section 10.01 of article 4590i violates the Texas open courts doctrine as applied to her brother under the facts of this case.

### A. Article 4590i, Section 10.01

The statute of limitations in section 10.01 of article 4590i governs Waters's survivorship negligence claim on her brother's behalf. This section provides that notwithstanding any other law, no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the tort. The section also provides that except as otherwise provided in the section, it applies to all persons regardless of minority or other legal disability. *See* TEX.REV.CIV.STAT.ANN. art. 4590i, § 10.01 (Vernon Supp.1992).

When the precise date of the tort is known, the statutory two-year period begins on that date. *See Kimball v. Brothers,* 741 S.W.2d 370, 372 (Tex.1987). The section imposes an absolute two-year statute of limitations regardless of when an injured party learns of the injuries. *See Morrison v. Chan,* 699 S.W.2d 205, 208 (Tex.1985). The section abolishes the discovery rule in cases governed by article 4590i. *See Morrison,* 699 S.W.2d at 208; *see also Nelson v. Krusen,* 678 S.W.2d 918, 920 (Tex.1984). An untimely notice under section 4.01 of article 4590i does not extend the filing deadline. *See Dougherty v. Gifford,* 826 S.W.2d 668, 673 (Tex.App.—Texarkana 1992, no writ); *Shook v. Herman,*

759 S.W.2d 743, 746 (Tex.App.—Dallas 1988, writ denied).

Waters's negligence claim for her brother's personal injuries resulting from Sunnyvale's negligence is a derivative action. *See Russell,* 841 S.W.2d at 344–45. Because the negligence action is derivative, Waters has no more rights than her brother would have had if he had lived. Section 10.01 bars Walton's cause of action for personal injuries suffered because of Sunnyvale's negligence on October 4, 1989. The two-year limitations applies unless Waters has a viable legal reason for tolling the statute.

### B. The Tolling Statutes

Waters contends that her brother's disability from the date of his injury on October 4, 1987, through the date of his death, October 10, 1987, tolls the two-year limitations of section 10.01. She relies on section 16.001(a)(2) and (b) of the Texas Civil Practice and Remedies Code to provide the statutory basis for this premise. She also contends that her condition of unsound mind sometime before October 1989 tolls the statute for that additional period of time. She again relies on section 16.001(a)(2) and (b) of the Texas Civil Practice and Remedies Code. Finally, she contends section 16.062(a) of the Texas Civil Practice and Remedies Code tolls the limitations period for twelve months.

The language of section 10.01 is clear and exclusive. *See Hill v. Milani,* 686 S.W.2d 610, 611 (Tex.1985). The Act contains the only tolling provisions that suspend the absolute two-year bar: minority and timely notice. TEX.REV.CIV.STAT.ANN. art. 4590i, §§ 4.01(c), 10.01 (Vernon Supp. 1992). *See Hill,* 686 S.W.2d at 611. In *Hill,* the supreme court held article 5537 is not part of the statutory scheme envisioned by the legislature for medical malpractice claims and that it is part of the "other law" expressly made inapplicable by the statute. *See Hill,* 686 S.W.2d at 611. Section 10.01 specifically states it applies to all persons regardless of minority or other legal disability. TEX.REV.CIV.STAT.ANN. art. 4590i, § 10.01 (Vernon Supp.1992).

We agree with the Eastland court that the express provisions of section 10.01 exclude the unsound-mind tolling provision from operation in health care liability claims. *See Desemo v. Gafford,* 692 S.W.2d 571, 574 (Tex.App.—Eastland 1985, writ ref'd n.r.e.). Other Texas courts have also held that section 16.062(a) is a general tolling statute, not a part of the statutory scheme for medical malpractice claims envisioned by the legislature. *See Wilson v. Rudd,* 814 S.W.2d 818, 821 (Tex.App.—Houston [14th Dist.] 1991, writ denied); *Rascoe v. Anabtawi,* 730 S.W.2d 460, 461 (Tex.App.—Beaumont 1987, no writ). We reject Waters's arguments that the general tolling statutes toll the two-year statute imposed by section 10.01 because of her or her brother's condition of unsound mind.

### C. Fraudulent Concealment

Waters contends that Sunnyvale fraudulently concealed its negligence and the cause in fact of her brother's injuries. She argues fraudulent concealment is an equitable bar to Sunnyvale's defense of limitations.

 Section 10.01 does not abolish fraudulent concealment as a basis for extending limitations in health care liability actions. *See Borderlon v. Peck,* 661 S.W.2d 907, 908 (Tex.1983). Fraudulent concealment estops a defendant from relying on a limitations statute as an affirmative defense. *Borderlon,* 661 S.W.2d at 908.

 To show entitlement to the estoppel effect of fraudulent concealment, a party must show: (1) the defendant had actual knowledge of the wrong; (2) a duty to disclose the wrong; and (3) a fixed purpose to conceal the wrong. *Carrell v. Denton,* 138 Tex. 145, 157 S.W.2d 878, 879 (1942); *Dougherty,* 826 S.W.2d at 673; *Arabian Shield Dev. Co. v. Hunt,* 808 S.W.2d 577, 584 (Tex.App.—Dallas 1991, writ denied). The party seeking to avoid summary judgment on limitations must raise a fact issue on the elements of the fraudulent concealment plea. *See Nichols v. Smith,* 507 S.W.2d 518, 520 (Tex.1974).

We assume, without deciding, that Waters raised a fact issue about whether Sunnyvale had actual knowledge of its wrongful conduct. Because this is a summary judgment case, we accept Waters's assertion that Sunnyvale acted wrongfully in the events leading to her brother's fatal fall. We also accept Waters's summary judgment evidence stating that nobody had informed her of the accident.[4]

Waters contends she produced summary judgment evidence showing Sunnyvale had a fixed purpose to conceal the wrong. Her documentary evidence includes records from the Dallas County Mental Health and Mental Retardation Center, the Texas Department of Health, and Sunnyvale. These records showed Walton needed supervision to keep him from wandering away from Sunnyvale. They also showed Walton was restless and had difficulty in staying in bed. The Texas Department of Health cited Sunnyvale because Sunnyvale did not report to it about the Walton incident.

 The health care provider has the duty to disclose a negligent act or that the injury occurred. *See Borderlon,* 661 S.W.2d at 908. A plaintiff must show the defendant had a fixed purpose to intentionally conceal the act or the injury from the plaintiff. Here, there is summary judgment evidence showing a Sunnyvale employee talked to Ms. Waters by telephone on October 6, 1987, and told Ms. Waters of the incident. The death certificate shows her brother's injuries occurred because he fell from the second story window to the ground. Ruby Waters signed this death certificate on October 11, 1987.

On November 16, 1987, Katherine Bates told Waters about Sunnyvale, her brother's fall from the second story at the Sunnyvale facility, and his death. Katherine Bates

---

**4.** The death certificate that Waters signed states the cause of Walton's death was multiple blunt force injuries resulting from a fall from a second story window. Also, Katherine Bates's affidavit, a part of Waters's summary judgment evidence, states that Bates saw Waters on November 16, 1987, and Bates informed Waters about her brother's fall from the second story window at Sunnyvale. Bates also stated she encouraged Waters to hire a lawyer.

also told Waters to hire an attorney. These facts are those that would cause a reasonably prudent person to make inquiry that, if pursued, would lead to the discovery of the concealed cause of action. Knowledge of such facts is in law equivalent to knowledge of the cause of action. *See Borderlon,* 661 S.W.2d at 909. The record does not support Waters's assertion that Sunnyvale had a fixed purpose to conceal the wrong. We hold that Waters's summary judgment evidence does not raise a fact question that Sunnyvale had a fixed purpose to conceal the wrong. *See Nichols,* 507 S.W.2d at 520–21.

### D. The Open Courts Doctrine

Waters also contends the open courts doctrine tolls the statute on her survivorship action.

 The Texas Constitution guarantees that Texas citizens bringing common law causes of action will not unreasonably be denied access to the courts. *See* TEX. CONST. art. I, § 13. A statute that unreasonably abridges a justiciable right to obtain redress for injuries caused by the wrongful acts of another amounts to a denial of due process under article 1, section 13, and is void. *Hanks v. City of Port Arthur,* 121 Tex. 202, 48 S.W.2d 944, 947 (1932). The legislature cannot abrogate the right to bring a well-established common law cause of action without a showing that the legislative basis for the statute outweighs the denial of the constitutionally guaranteed right of redress. *Sax v. Votteler,* 648 S.W.2d 661, 665–66 (Tex.1983).

 A litigant must show that he has a cognizable common law cause of action that the statute restricts. A litigant must show that the restriction is unreasonable or arbitrary when balanced against the purpose and basis of the statute. *Sax,* 648 S.W.2d at 666. A statute violates the open courts doctrine if it cuts off an injured person's right to sue before the person has a reasonable opportunity to discover the wrong and bring suit. *See Nelson,* 678 S.W.2d at 923.

 The legislative intent in passing section 10.01 of article 4590i was to abolish the discovery rule in cases governed by the Medical Liability Act. *See Morrison,* 699 S.W.2d at 207. The limitation period the Act provides violates the open courts doctrine if it cuts off the right to sue before the person has a reasonable opportunity to discover the wrong and bring suit. *Nelson,* 678 S.W.2d at 923.

Waters argues that because her brother was of unsound mind from October 4, 1987, to October 10, 1987, his condition tolled the statute of limitations. She argues that if applied to deny this tolling, section 10.01 is unconstitutional in this case because it violates the open courts doctrine. She relies on *Tinkle v. Henderson,* 730 S.W.2d 163 (Tex.App.—Tyler 1987, writ ref'd), to support this contention. She contends *Tinkle* holds that section 10.01 violates the open courts doctrine when it operates to bar the cause of action for medical malpractice brought by one who has remained continuously mentally incompetent from the time of injury.

*Tinkle* is distinguishable from this case. In *Tinkle,* the plaintiff was incompetent from the time of the injury until the suit was filed. *See Tinkle,* 730 S.W.2d at 167. Here, there is no question that her brother's mental incompetency, if such was the fact, lasted from only October 4 to October 10, 1989. Even if mentally incompetent, her brother's incompetency stopped at the time of his death.

The summary judgment evidence shows that if Waters did not know of his injuries and their causes on October 11, 1987, she did know about them at least by November 16, 1987, the date when Katherine Bates talked to her about her brother's injuries and the causes of those injuries. Waters did not give notice until October 9, 1989. Her survivorship action is derivative of her brother's common law action. She discovered his injuries while there was still a reasonable time to sue. She had more than twenty-two months within which to file suit under the survivorship statute. We conclude section 10.01 is not unconstitutional as applied to the facts in this case. *See*

*Sax,* 648 S.W.2d at 667; *Robinson v. Weaver,* 550 S.W.2d 18, 20 (Tex.1977).

We overrule Waters's points of error one, four, and five.

## THE D.T.P.A.—EXPRESS WARRANTY CAUSE OF ACTION

In her second point of error, Waters contends the trial court improperly granted summary judgment because she pleaded a D.T.P.A. cause of action not resulting from negligence. She also claims the four-year limitations period applies. She asserts her D.T.P.A. claim is for breach of express warranty by Sunnyvale that Sunnyvale would provide and had provided specific services when it had not. She alleged that Sunnyvale breached express warranties of the physical and medical care Sunnyvale would provide, that Sunnyvale's personnel would provide adequate and proper supervised care, that Sunnyvale would comply with all standards of participation promulgated by the Texas Department of Health, and that Sunnyvale would correct the deficiencies in care standards when in fact Sunnyvale did not correct them.

Sunnyvale asserted in its motion that section 12.01 of article 4590i bars Waters's D.T.P.A. claims. This section excludes the provisions of the D.T.P.A. on any claim for damages for personal injury or death resulting from negligence on the part of the health care provider. *See* TEX.REV.CIV. STAT.ANN. art. 4590i, § 12.01(a) (Vernon Supp.1992).

Waters argues these claims of alleged breach of express warranties do not arise out of negligence and that section 12.01 does not preclude them. She relies upon *Birchfield v. Texarkana Memorial Hosp.,* 747 S.W.2d 361 (Tex.1987), to support her contention. She also claims, because she alleged a D.T.P.A. cause of action for breach of express warranties, she may rely on the four-year statute of limitations in section 16.004 of the Texas Civil Practice and Remedies Code. She relies on *Walker v. Sears, Roebuck & Co.,* 853 F.2d 355 (5th Cir.1988), to support this contention.

We disagree with both contentions. *Birchfield* does not support her contention

that a deceptive trade practices action based upon breach of express warranties is exempt from the Medical Liability Act. When read carefully, *Birchfield* reveals that the hospital's negligent acts occurred long before the legislature enacted section 12.01 of article 4590i. The facts in *Birchfield* show the hospital's negligent acts occurred in 1974. As pointed out by the supreme court, section 12.01 of article 4590i did not become effective until 1977. The court found nothing in the 1973 version of the Act that manifested a legislative intent to exempt health care providers from liability. *See Birchfield,* 747 S.W.2d at 368.

It is without dispute that Sunnyvale's alleged negligent acts in this case occurred in 1987. When this cause of action accrued, section 12.01 was in effect. Waters's claims against Sunnyvale, whether cast as tort or contract, are claims for lack of treatment or other claimed departure from accepted standards of medical care, health care, or safety. *See* TEX.REV. CIV.STAT.ANN. art. 4590i § 1.03(a)(4) (Vernon Supp.1992). Also, the damages she alleges are the same as she claims in her negligence action. Section 12.01 precludes a cause of action founded on negligence even if alleged as a breach of implied warranty. *Chapman v. Wilson,* 826 S.W.2d 214, 218 (Tex.App.—Austin 1992, writ denied); *Wisenbarger v. Gonzales Warm Springs Hosp.,* 789 S.W.2d 688, 690–91 (Tex.App.—Corpus Christi 1990, writ denied); *see also Easterly v. HSP of Tex., Inc.,* 772 S.W.2d 211, 214 (Tex.App.—Dallas 1989, no writ). Despite Waters's assertions, we see no difference between implied and express warranties for purposes of article 4590i. We conclude that section 12.01 of article 4590i precludes Waters's D.T.P.A. express warranty cause of action.

There is a second reason that bars Waters's D.T.P.A. cause of action. Even if we assume she may allege a claim for breach of express warranty, we conclude the two-year statute of limitations applicable to D.T.P.A. actions applies. Waters argues that the four-year statute of limita-

tions of section 16.004 of the Texas Civil Practice and Remedies Code governs her D.T.P.A. express warranty claim. She contends *Walker* supports this contention. We disagree.

Waters misreads *Walker*. *Walker* holds when a plaintiff pleads a breach of warranty action under section 17.50(a)(2) of the D.T.P.A., that action is subject to the two-year limitations period of section 17.565 of the D.T.P.A. *See Walker*, 853 F.2d at 362; *see also Diamond v. Meacham*, 699 S.W.2d 950, 953–54 (Tex.App.—El Paso 1985, writ ref'd n.r.e.); *Brooks Fashion Stores, Inc. v. Northpark Nat'l Bank*, 689 S.W.2d 937, 942–43 (Tex.App.—Dallas 1985, no writ). *Walker* did hold that if a person asserts a common law breach of express warranty— that is, a non-D.T.P.A. claim—then the applicable statute is section 16.004 of the Texas Civil Practice and Remedies Code. *See Walker*, 853 F.2d at 363. Because Waters's claim on appeal involves only a D.T.P.A. breach of express warranty claim, the two-year statute applies. Thus, section 17.565 bars this cause of action. We overrule Waters's second point of error.

### BREACH OF FIDUCIARY DUTY

In her third point of error, Waters contends that article 4590i does not govern her cause of action for breach of fiduciary duty and breach of good faith and fair dealing. She bases this theory of recovery upon Sunnyvale placing its own monetary interest over the health and well-being of her brother and the alleged breach of express warranties claimed in her D.T.P.A. action. She asserts that this claim does not come within the definition of a health care liability claim. *See* TEX.REV.CIV.STAT.ANN. art. 4590i, § 1.03(a)(4) (Vernon Supp.1992). She concludes that because this theory of recovery is not within the definition of a health care liability claim, the limitations period established by section 10.01 does not apply. She claims the benefit of section 16.062 of the Texas Civil Practice and Remedies Code, which tolls limitations for twelve months after the death of a person. We disagree.

A claim for breach of fiduciary duty and good faith and fair dealing arises in tort. *See Arnold v. National County Mut. Fire Ins. Co.*, 725 S.W.2d 165, 168 (Tex.1987). Waters contends because of the nature of the services Sunnyvale rendered to her brother, as well as the disparity of power and unequal bargaining position existing between her brother and Sunnyvale, Sunnyvale occupied a position of confidence that required fidelity, loyalty, good faith, and fair dealing on Sunnyvale's part. The factual allegations and the damages allegations in this cause of action were the same as those alleged in her negligence and negligence per se claims. In our view, this is another circumstance of trying to recast a health care liability claim in the language of another cause of action.

Waters's claims of breach of fiduciary duty and breach of good faith and fair dealing are claims for lack of treatment or other claimed departure from accepted standards of medical care, health care, or safety that resulted in injury and death to her brother. These claims are "health care liability claims." *See* TEX.REV.CIV.STAT. ANN. art. 4590i, § 1.03(a)(4) (Vernon Supp. 1992). We conclude article 4590i governs these causes of action if they in fact exist. Because the two-year statute of limitations under article 4590i applies, Waters cannot rely on section 16.062 of the Texas Civil Practice and Remedies Act to toll the cause of action for twelve months after her brother's death. *See Rascoe*, 730 S.W.2d at 461. We overrule Waters's third point of error.

We affirm the trial court's judgment.