Lena JEFFERY, Appellant,

v.

Terry WALDEN, D.D.S., Appellee.

No. 05–92–01551–CV.

Court of Appeals of Texas,
Dallas.

June 25, 1993.

Michael Sloan, Law Offices of Michael Sloan, McKinney, for appellant.

William W. Hancock, Burford & Ryburn, LLP, Kevin J. Cook, Payne & Blanchard, L.L.P., Dallas, for appellee.

Before KINKEADE, MALONEY and ROSENBERG, JJ.

### OPINION

MALONEY, Justice.

Lena Jeffery sued Terry Walden, a dentist, for violations of the Deceptive Trade Practices Act (DTPA), breach of implied warranty, and breach of contract. In one point of error, Jeffery argues the trial court erred in granting Walden's motion for summary judgment. We affirm the trial court's judgment in part, reverse and remand in part for further proceedings.

### FACTUAL BACKGROUND

Jeffery consulted Walden for dental treatment. During the period that Walden was

treating Jeffery, another dentist extracted all of her teeth. Walden then prepared her dentures.

Jeffery alleged that when her first set of dentures did not fit, Walden promised to make her new, properly fitting dentures. Walden continued adjusting the dentures' fit until May 1991, when Walden referred Jeffery to another dentist. After this referral, Jeffery realized the dentures were defective.

Jeffery sued Walden in October 1991. Walden filed his motion for summary judgment alleging that the statute of limitations, the statute of frauds, and the Medical Liability and Insurance Improvement Act (the Act) barred Jeffery's claims. The trial court granted Walden's motion for summary judgment.

## STANDARD OF REVIEW

■ The summary judgment rule provides a method of summarily ending a case that involves only a question of law and no genuine fact issues. *See* TEX.R.CIV.P. 166a(c). The trial court determines if any fact issues exist. It does not evaluate the evidence and decide the case on affidavits. *Gulbenkian v. Penn*, 151 Tex. 412, 415, 252 S.W.2d 929, 931 (1952); *Ross v. Texas One Partnership*, 796 S.W.2d 206, 209 (Tex.App.—Dallas 1990), *writ denied per curiam*, 806 S.W.2d 222 (Tex.1991). Nor does the rule provide for trial by deposition or affidavit. *See Gaines v. Hamman*, 163 Tex. 618, 626, 358 S.W.2d 557, 563 (1962). The summary judgment rule eliminates patently unmeritorious claims or untenable defenses. It is not meant to deprive litigants of a full hearing on the merits of any real issue of fact. *See Gulbenkian*, 151 Tex. at 416, 252 S.W.2d at 931.

When we review a trial court's granting of summary judgment, we apply the standards mandated by the Texas Supreme Court. They are:

1. The movant for summary judgment has the burden of showing there is no genuine issue of material fact and that he is entitled to judgment as a matter of law.

2. In deciding whether a disputed material fact issue exists, we accept as true evidence favorable to the nonmovant.

3. We indulge every reasonable inference and resolve any doubts in the nonmovant's favor.

*See Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985).

■ A defendant who moves for summary judgment must show as a matter of law that the plaintiff has no cause of action against him. *Citizens First Nat'l Bank v. Cinco Exploration Co.*, 540 S.W.2d 292, 294 (Tex. 1976). The defendant may do so by establishing as a matter of law that at least one essential element of the plaintiff's claim does not exist. *See Southwest Indus. Import & Export, Inc. v. Borneo Sumatra Trading Co.*, 666 S.W.2d 625, 627 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.); *Rosas v. Buddies Food Store*, 518 S.W.2d 534, 537 (Tex. 1975). Or the defendant may prove conclusively all elements of an affirmative defense. *Palmer v. Enserch Corp.*, 728 S.W.2d 431, 435 (Tex.App.—Austin 1987, writ ref'd n.r.e.).

## SUMMARY JUDGMENT EVIDENCE

Walden testified by affidavit that he completed his education in 1977 and had practiced dentistry in Texas for fourteen and one-half years. He had fitted Jeffery with dentures by September 9, 1988. They did not enter into a written contract for his services. Walden's affidavit did not present any evidence on the practice of dentistry, or whether the fitting of dentures was intimately related to his practice of dentistry.

In response, Jeffery testified by affidavit that she received her first set of dentures from Walden in March 1988. They did not fit. Walden promised that he could make the dentures fit. He continued until May 7, 1991 to try to fit her dentures. Walden then referred her to another dentist. At that time, she realized that the dentures were defective and could not be made to fit.

## DTPA CLAIMS

Jeffery alleged that Walden knowingly made false, misleading, and deceptive representations under two provisions of the

DTPA. *See* TEX.BUS. & COM.CODE ANN. § 17.46(b)(5) & (7) (Vernon 1987). She contends that the DTPA applied to Walden, as a medical provider, for all nonnegligent violations of the DTPA.

Walden maintains that this is actually a dental-malpractice action. He argues that the Medical Liability and Insurance Improvement Act (the Act) prohibits Jeffery's DTPA claims. TEX.REV.CIV.STAT.ANN. art. 4590i, § 12.01(a) (Vernon Pamph.1993).

### 1. Applicable Law

■  The Act prohibits a plaintiff from contesting a health-care provider's services under the DTPA. *Easterly v. HSP of Tex., Inc.*, 772 S.W.2d 211, 214–15 (Tex.App.—Dallas 1989, no writ). The Act provides:

> Notwithstanding any other law, no provisions of Sections 17.41–17.63, Business and Commerce Code [the DTPA], shall apply to physicians or health care providers as defined in Section 1.03(3) of this Act, with respect to claims for damages for personal injury or death resulting, or alleged to have resulted, from negligence on the part of any physician or health care provider.

TEX.REV.CIV.STAT.ANN. art. 4590i, § 12.01(a).

■  When a statute's language is clear and unambiguous, we find the legislature's intent in the plain and common meaning of the words used in the statute. *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 352 (Tex.1990). We do not resort to extrinsic aids and rules of construction. *McCulloch v. Fox & Jacobs, Inc.*, 696 S.W.2d 918, 921 (Tex.App.—Dallas 1985, writ ref'd n.r.e.).

### 2. Application of Law

■  Neither party disputes that Walden is a health-care provider as defined in the Act. *See* TEX.REV.CIV.STAT.ANN. art. 4590i, § 1.03(a)(3). Jeffery relies on *Chapman v. Paul R. Wilson, Jr., D.D.S., Inc.*, 826 S.W.2d 214, 218–19 (Tex.App.—Austin 1992, writ denied) (op. on motion for reh'g), to support her

theory that the Act prohibits only negligent DTPA claims.

Chapman sued two dentists alleging negligence and breach of implied warranty, and misrepresentations. He contended that one of the dentists falsely and knowingly made representations which violated the DTPA.[1] *Id.* at 215, 218. The dentists moved for summary judgment, arguing that section 12.01(a) of the Act precluded the DTPA claims. The trial court granted the dentists' motion. *Id.* at 218.

The Austin Court of Appeals held that section 12.01(a) does not totally exempt health-care providers' professional services from liability under the DTPA. Section 12.01(a) clearly limits the exemption to DTPA negligence actions. *Id.* at 219; *see* TEX.REV.CIV.STAT.ANN. art. 4590i, § 12.01(a); *see also* Richard M. Alderman, *The Business of Medicine—Health Care Providers, Physicians, and the Deceptive Trade Practices Act*, 26 HOUS.L.REV. 109, 140–43 (1989). The court reasoned that if the legislature had wanted to bar *all* DTPA claims, it could have done so in plain and specific language.

The *Chapman* court distinguished between negligent and "knowing" misrepresentations. 826 S.W.2d at 219. It concluded that section 12.01(a) does not bar DTPA claims based on knowing misrepresentations. *Id.* Moreover, *Chapman* follows the plain language of section 12.01(a) of the Act.

Walden contends that *Chapman* conflicts with this Court's decision in *Easterly.* We disagree. In *Easterly,* the plaintiff sued a hospital for the alleged sale of a defective product, claiming strict liability, breach of warranty, and deceptive trade practices under the DTPA. She alleged breach of implied warranty, unconscionable conduct, and misrepresentation. However, this Court primarily discussed her breach of an implied warranty claim, without addressing the alleged misrepresentation. *See Easterly,* 772 S.W.2d at 214–15.[2] This Court did not con-

---

1. Chapman alleged that the dentists made the following misrepresentations: (1) that they were specialists in the extraction of wisdom teeth, (2) that they would give Chapman a general anesthesia, (3) that they would administer the general anesthesia in a competent manner, and (4) that

Chapman would need no further treatment after the extractions. *Id.* at 215, 218.

2. Easterly did not raise the DTPA misrepresentation claim on appeal.

sider the viability of knowing or intentional claims against a health-care provider under the DTPA. This Court construed the plaintiff's claims as negligence claims. *Id.*

Walden also argues that Jeffery's claims directly relate to the treatment's result. He distinguishes *Chapman* because Chapman's claims did not directly relate to the treatment's result. We disagree. In *Chapman*, the dentist represented that he would administer a general anesthetic. His failure to use a general anesthetic resulted in such intense pain that Chapman fainted. The dentist also told Chapman that he would need no further treatment after the wisdom tooth extraction. Each of these representations clearly involves the treatment's results. The *Chapman* court's interpretation of the Act, however, did not turn on whether the claim did or did not relate to the treatment's result.

Walden also relies on *Wisenbarger v. Gonzales Warm Springs Rehabilitation Hospital, Inc.,* 789 S.W.2d 688, 691 (Tex.App.—Corpus Christi 1990, writ denied); *Knapp v. Eppright,* 783 S.W.2d 293, 295 (Tex.App.—Houston [14th Dist.] 1989, no writ); and *Quinn v. Memorial Medical Center,* 764 S.W.2d 915, 918–19 (Tex.App.—Corpus Christi 1989, no writ), to support his contention that section 12.01(a) bars Jeffery's DTPA claims. Walden misplaces his reliance.

Both the *Wisenbarger* and *Quinn* courts held that section 12.01(a) of the Act bars DTPA *negligence* claims against a health provider. *Wisenbarger,* 789 S.W.2d at 691; *Quinn,* 764 S.W.2d at 918. In *Knapp,* the only specific DTPA claim, breach of warranty, was in his amended petition. Because plaintiff untimely filed his amended petition, the court did not consider it. The record did not include Knapp's original petition. The court assumed that the original petition contained *only* negligence claims. Nothing indicated that the plaintiff alleged any *knowing* DTPA violations. *Knapp,* 783 S.W.2d at 294–95. Because Jeffery alleges *knowing* misrepresentations under the DTPA, section 12.01(a) does not bar her claims.

Walden's affidavit did not conclusively negate the alleged misrepresentations. Nor did it negate that they were made knowingly.

The trial court erred in granting summary judgment on Jeffery's misrepresentation claims. *See Chapman,* 826 S.W.2d at 219.

We agree that the dissent correctly interprets the law barring negligence claims. The dissent characterizes Jeffrey's complaints as negligence claims. We cannot agree to extending the 12.01(a) exemption from "resulting from negligence" to "founded on negligence." Nor can we agree to ignore her claim of *knowing* misrepresentations. Jeffery's allegation of *knowing* acts alone removes Walden's conduct from the Act and places it within the scope of the DTPA. *See id.*

## BREACH OF IMPLIED WARRANTY

■ Jeffery alleged that Walden breached the implied warranty of suitability and fitness for a particular purpose. She argues that because she "contracted ... [for] a properly fitted pair of dentures[,] ... the dominant nature of the transaction was the sale of dentures."

Walden argues that the dentures were intimately related to the professional services provided. He contends that the dominant nature of the transaction was professional services.

Walden relies on *Barbee v. Rogers,* 425 S.W.2d 342 (Tex.1968), and *Easterly,* 772 S.W.2d at 213, to show that Jeffery has no valid claim for breach of implied warranty. The *Barbee* court determined that the alleged contact lens's failures were not attributable to the product itself but to the measuring of vision and fitting of lenses to correct defective vision—the professional services. The contact lenses sold to the plaintiff "were designed in the light of his particular physical requirements and to meet his particular needs." *Barbee,* 425 S.W.2d at 346. The lenses did not exist when Barbee sought the optometrists' services. Nor were they a finished product offered to the public in the regular channels of trade. Consequently, conditions that would warrant imposition of strict liability for breach of implied warranty were not present. *Id.*

In *Easterly,* this Court recognized that Texas law does not hold hospitals strictly

liable for injuries caused by defective products that are intimately and inseparably connected with the professional services rendered. Because the epidural kit was intimately connected to the medical services provided and not offered to the public in regular commercial transactions, strict liability did not lie. *Easterly*, 772 S.W.2d at 213; *see Thomas v. St. Joseph Hosp.*, 618 S.W.2d 791, 796–97 (Tex.Civ.App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.). This Court applied the same analysis in discussing the breach of warranty claim. *Easterly*, 772 S.W.2d at 213–14.

Both *Barbee* and *Easterly* require that a defendant establish that the professional services rendered, not the product provided, caused the alleged harm. Walden could have shown either that the product resulted from the exercise of his medical skill and judgment, or that the product was intimately related to his providing professional services to bar Jeffery's claim of breach of implied warranty.

Walden did neither. His affidavit merely states that he fitted dentures for Jeffery. This does not meet the *Barbee* and *Easterly* requirements. The trial court erred in granting summary judgment on Jeffery's claim of breach of implied warranty.[3]

The dissent argues that no summary judgment evidence exists to show that "the dentures were not intimately related to the service of fitting them provided by Walden." And "[a]bsent a specific showing that the sale of a good is not intimately related to a medical service provided, summary judgment is proper on a breach of warranty claim against a medical care provider."

Walden, not Jeffery, had the burden to produce summary judgment evidence that established each element of his defense. *Spencer v. City of Dallas*, 819 S.W.2d 612, 615 (Tex.App.—Dallas 1991, no writ). Walden had to prove that the dentures were intimately related to the medical services he

provided to show they were not "goods" in the stream of commerce.

Had Walden produced any summary judgment evidence on this issue, the burden would have shifted to Jeffery to controvert Walden's evidence. But Jeffery, as nonmovant, had no *original burden* to show that Walden did not have a valid defense.

The record contains no summary judgment evidence that shows the dentures were intimately related to the medical services Walden provided or to dentistry practice in general. *Thus, as summary judgment movant, Walden failed in his burden of proof.*

## BREACH OF CONTRACT

■ Jeffery alleged that Walden breached an agreement to provide a suitable set of dentures. Walden argues that the statute of frauds bars this claim. He also contends that Jeffery's claim sounds in tort, not in contract.[4]

Texas law provides that a party cannot enforce "an agreement, promise, contract, or warranty of cure relating to medical care or results thereof made by a physician or health care provider as defined in section 1.03, Medical Liability and Insurance Improvement Act of Texas" unless the agreement is in writing and signed by the person against whom the party seeks to enforce it. TEX. BUS. & COM.CODE ANN. § 26.01(a) & (b)(8) (Vernon 1987). The practice of dentistry is a medical practice. *See* TEX.REV.CIV.STAT.ANN. art. 4551a (Vernon Pamph.1993). Texas statutes define dentists as health care providers. TEX.REV.CIV.STAT.ANN. art. 4590i, § 1.03(a)(3).[5]

No written agreement appears in the record. Neither party contests that the "contract" was an oral agreement. The alleged contract relates to medical care or its results. A health care provider made the alleged promise or agreement. Because the contract was not in writing and signed by Walden, the

---

3. Walden also cites *Waters ex rel. Walton v. Del-Ky, Inc.*, 844 S.W.2d 250, 258 (Tex.App.—Dallas 1992, no writ), in support of his position. *Waters* involved provision of professional services only. It is inapplicable.

4. See discussion *infra* under "Statute of Limitations."

5. Health care involves medical care. *See* TEX. REV.CIV.STAT.ANN. art. 4590i, § 1.03(a)(2).

statute of frauds bars Jeffery's breach of contract claim.

## STATUTE OF LIMITATIONS

Walden argues that as a tort cause of action the two-year statute of limitations applies. TEX.CIV.PRAC. & REM.CODE ANN. § 16.003(a) (Vernon 1986). He contends that because Jeffery alleged that Walden did not properly prepare her dentures in 1988, limitations bar this lawsuit.

Jeffery does not disagree that the two-year statute of limitations applies. She, however, maintains that Walden continuously attempted corrective treatment until May 1991. She argues that she filed her lawsuit in October 1991, well within the limitations period.

### 1. Applicable Law

■ A defendant seeking summary judgment on limitations must conclusively prove when the cause of action accrued. Assuming the discovery rule applies, the defendant must prove conclusively when the plaintiff discovered or should have discovered the injury. *Burns v. Thomas,* 786 S.W.2d 266, 267 (Tex.1990).

■ All DTPA actions must be brought within two years after the date on which the false, misleading, or deceptive act occurred or within two years after the consumer discovered or should have discovered the unlawful act if he was exercising reasonable diligence. TEX.BUS. & COM.CODE ANN. § 17.565 (Vernon 1987). The two-year limitations applies to breach of warranty claims brought under the DTPA. *McAdams v. Capitol Prod. Corp.,* 810 S.W.2d 290, 292 (Tex.App.—Fort Worth 1991, writ denied); *Diamond v. Meacham,* 699 S.W.2d 950, 952–53 (Tex.App.—El Paso 1985, writ ref'd n.r.e.). The two year statute of limitations applies to an action for breach of an implied warranty arising out of an oral contract. *Certain–Teed Prod. Corp. v. Bell,* 422 S.W.2d 719, 720 (Tex.1968); *Citizens State Bank v. Shapiro,* 575 S.W.2d 375, 387 (Tex.Civ.App.—Tyler 1978, writ ref'd n.r.e.).

### 2. Application of Law

■ Jeffery claimed knowing misrepresentations under the DTPA as well as a common law breach of implied warranty based on an oral contract between her and Walden.[6] Whether Jeffery asserted her warranty claim under the DTPA or common law, the two-year statute of limitations governs.

Walden's affidavit did not conclusively establish when Jeffery's claims accrued. The record is unclear when Walden made the alleged misrepresentations. The record contains no summary judgment evidence of when Jeffery either knew or should have known that the alleged representations were *mis*representations.

The record contains no conclusive evidence of when any breach of implied warranty occurred. Jeffery's affidavit asserts that Walden continued to try to make the dentures fit until May 7, 1991. She states that she did not know the dentures were defective until Walden referred her to another dentist.

Taking the evidence in the light most favorable to nonmovant, a question of material fact exists on when Jeffery's cause of action accrued. Because the trial court had no conclusive evidence before it from which it could determine as a matter of law when any cause of action accrued, the trial court erred in granting summary judgment on limitations.

We affirm the trial court's judgment in part, reverse and remand this cause in part for further proceedings consistent with this opinion.

KINKEADE, Justice, dissenting.

I respectfully dissent to the majority opinion in this case. I would hold that the trial court properly granted summary judgment for Terry Walden, D.D.S. on Lena Jeffery's claims against him for violations of the Deceptive Trade Practices–Consumer Protec-

---

**6.** We assume that the statute of frauds provision regarding agreements relating to medical care renders unenforceable oral *express* warranties. We also assume, because operation of law cre-

ates *implied* warranties, *see Melody Home Mfg. Co. v. Barnes,* 741 S.W.2d 349, 352 (Tex.1987), that the statute of frauds does not affect implied warranties. Neither party briefed this issue.

tion Act (DTPA) and breach of warranty, and I would affirm the trial court's judgment.

The majority correctly holds that Jeffery's breach of contract claim against Walden was barred by the statute of frauds. Where the majority errs is in holding that Walden failed to meet his burden of showing that he was entitled to summary judgment on Jeffery's DTPA and breach of warranty claims.

Jeffery alleged that Walden prepared unsuitable dentures for her. This allegation formed the basis of Jeffery's claims under the DTPA and for breach of warranty as well as her breach of contract claim. Based upon these claims, Jeffery sought damages from Walden to compensate her for being without adequate teeth from the time she had her teeth extracted in 1988 and for mental anguish. Jeffery's claims, whether called tort or contract claims, live as negligence claims because they were claims for lack of treatment or other claimed departure from accepted standards of medical care, health care, or safety. *See* Tex.Rev.Civ.Stat.Ann. art. 4590i, § 1.03(a)(4) (Vernon Pamph.1993). The damages sought by Jeffery can only be characterized as damages resulting from a negligence claim.

Section 12.01(a) of the Medical Liability and Insurance Improvement Act provides:

Notwithstanding any other law, no provisions of Sections 17.41–17.63, Business & Commerce Code, shall apply to physicians or health care providers as defined in Section 1.03(3) of this Act, with respect to claims for damages for personal injury or death resulting, or alleged to have resulted, from negligence on the part of a physician or health care provider.

Tex.Rev.Civ.Stat.Ann. art. 4590i, § 12.01(a) (Vernon Pamph.1993). Section 12.01 precludes a cause of action founded on negligence even if alleged as a violation of the DTPA. *Waters v. Del–Ky, Inc.*, 844 S.W.2d 250, 258 (Tex.App.—Dallas 1992, n.w.h.); *Chapman v. Wilson*, 826 S.W.2d 214, 218 (Tex.App.—Austin 1992, writ denied); *Wisenbarger v. Gonzales Warm Springs Hosp.*, 789 S.W.2d 688, 690–91 (Tex.App.—Corpus Christi 1990, writ denied). I would conclude that section 12.01 of article 4590i precludes Jeffery's DTPA claim because her DTPA claim was based upon a negligence allegation.

For a breach of warranty claim to be applicable to this case, a sale of goods by a merchant who deals in goods of the kind must take place. *See Easterly v. HSP of Tex., Inc.*, 772 S.W.2d 211, 213–14 (Tex. App.—Dallas 1989, no writ). Medical care providers, like Walden, are providers of services, not merchants selling goods. *See id.* at 214. Absent a specific showing that the sale of a good is not intimately related to a medical service provided, summary judgment is proper on a breach of warranty claim against a medical care provider. *See id.*

In this case, Jeffery alleged that Walden improperly fitted her dentures. In her affidavit filed in opposition to Walden's motion for summary judgment, Jeffery said that she received "services for dentures" from Walden. In Walden's affidavit in support of his motion for summary judgment, he stated he "fitted dentures" for Jeffery. There was no summary judgment evidence that the dentures were not intimately related to the service of fitting them provided by Walden. The summary judgment evidence showed that the sale of the dentures related intimately to the service provided of fitting those dentures. I would conclude that summary judgment on Jeffery's breach of warranty claim was proper because there was no showing that the sale of the dentures was not intimately related to their fitting. This was not a case of a sale of an item apart from professional services provided by a dentist.

Section 12.01 of the Medical Liability and Insurance Improvement Act bars Jeffery's DTPA claim, and her breach of warranty claim fails because there was no showing other than that the dentures intimately related to the service of fitting them. The trial court properly granted Walden summary judgment on Jeffery's DTPA and breach of warranty claims. I would overrule Jeffery's point of error and affirm the trial court's summary judgment.