Howard Reed **LIGGETT**, Appellant,

v.

Thomas **BLOCHER** and James F. Considine, Appellees.

No. 01–92–00961–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 18, 1993.

Rehearing Denied April 8, 1993.

Christian Hill, O'Quinn, Kerensky, McAninch & Reibschlager, Houston, for appellant.

Vicki F. Brann, Diane M. Grariglia, Lorance & Thompson, Houston, for appellees.

Before SAM BASS, WILSON and DUNN, JJ.

## OPINION

DUNN, Justice.

The appellant, Howard Liggett, sued the appellees, Drs. Thomas Blocher and James F. Considine, for medical malpractice. The appellees moved for summary judgment due to the expiration of the statute of limitations, and the trial court granted their motion. The appellant bases his appeal on two points of error: (1) that the appellees failed to prove, as a matter of law, their affirmative defense of statute of limitations because the appellant raised a fact issue of his unsound mind; and (2) that as applied to this appellant, the limitations provision in TEX.REV.CIV.STAT.ANN. art. 4590i § 10.01 (Vernon Pamph. 1993) (Medical Liability and Insurance Improvement Act) is unconstitutional. We affirm.

The appellant was a patient of the appellees at the Houston International Hospital on May 31, 1985. On June 7, 1985, he was transferred from Houston International Hospital to Southwest Day Hospital, a facility owned and operated by the appellees. The appellant was treated at Southwest

Day until June 13, 1985, when he was readmitted to Houston International. He was discharged from Houston International on June 17, 1985, and readmitted to Southwest Day from June 18, 1985, until June 20, 1985. The appellant returned to Southwest Day on July 1, 1985. On July 5, 1985, the appellant attacked a Southwest Day nurse, Janelle Lockett, cutting her across her upper lip, cheek, neck, and back, and severing the ligaments in her right hand. The appellant was convicted of the attempted murder of Ms. Lockett and was incarcerated until January 1990, when he was paroled to a halfway house in Harris County.

The appellant filed his original petition on April 6, 1992, alleging that the appellees' health care service to him "departed from the accepted standards of medical, psychiatric, and/or health care safety." He further alleged that this departure from the standard of care proximately caused his injuries. A second basis for recovery was the allegation that, as businessmen, the appellees were negligent and grossly negligent. He sought damages for pecuniary loss, loss of service, loss of earning capacity, pain and suffering, mental anguish and bereavement, and the mental trauma and emotional injuries he suffered.

The appellees answered with a general denial and also pled that the appellant's attack on their employee was unavoidable, an "Act of God," or due to the actions of one not under their control. They also pled an intervening cause, no duty, contributory negligence, and the illegal acts of the appellant. They further alleged the expiration of the statute of limitations as set out in article 4590i, section 10.01 of the Revised Civil Statutes. The remainder of their answer addressed their defenses to the damages sought by the appellant in his original petition.

The appellant amended his original petition on July 22, 1992, additionally alleging that because of his unsound mind, the appellant did not know, could not have known, should not have known, and did not have reason to know that he might have a cause of action against the appellees until December 31, 1991, and therefore, by application of the discovery rule and TEX.CIV. PROC. & REM. CODE ANN. §§ 16.001 & 16.022

(Vernon 1986 & Supp.1993), the two year statute of limitations did not bar his action. The lawsuit was not filed by a representative, and so presumably, the appellant is no longer of unsound mind.

The appellees filed a motion for summary judgment based upon the expiration of the statute of limitations alleging that the care of the appellant terminated at least by July 5, 1985, the date the assault occurred. The appellant was incarcerated for this assault until January 24, 1990. The appellees also argued the inapplicability of the tolling provision under section 16.001 of the Texas Civil Practice & Remedies Code for imprisonment.

The appellant timely responded to the motion for summary judgment. Part of his summary judgment proof was the affidavit of a doctor indicating the appellees' treatment of the appellant fell below the standard of care. This affidavit is dated November 1, 1990. He bases his opinion on the failure of the appellees to place the earlier evaluations of the appellant in the appellant's medical file at Southwest Day and to inform the hospital personnel of the contents so that they could exercise greater caution and concern in their treatment of the appellant because they would know they were potential victims.

The appellant further argued that the limitations period should be tolled because he was of unsound mind and/or because he only recently discovered he had been injured. His affidavit indicates this discovery occurred in December 1991.

In addition to his affidavit and the affidavit of the expert doctor, the appellant also submitted as summary judgment evidence copies of a phone message, a Southwest Day policy, and psychiatric evaluations dated well before the time the appellant was under the care of the appellees.

Standard of Review

Either party may move for summary judgment under rule 166a of the Texas Rules of Civil Procedure. The movant has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.,*

690 S.W.2d 546, 548–49 (Tex.1985). In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true. *Id.* Every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. *Id.*

■ Once a movant has established a right to a summary judgment, the burden shifts to the nonmovant. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979). The nonmovant must then respond to the motion for summary judgment and present to the trial court any issues that would preclude summary judgment. *Id.*

■ For a defendant as movant to prevail on a summary judgment, he must either (1) disprove at least one element of the plaintiff's theory of recovery, or (2) plead and conclusively establish each essential element of an affirmative defense, thereby rebutting the plaintiff's cause of action. *Montgomery v. Kennedy,* 669 S.W.2d 309, 310–11 (Tex.1984); *Goldberg v. United States Shoe Corp.,* 775 S.W.2d 751, 751 (Tex.App.—Houston [1st Dist.] 1989, writ denied); *Kirby Exploration Co. v. Mitchell Energy Corp.,* 701 S.W.2d 922, 926 (Tex. App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.).

■ A party moving for summary judgment on the basis of limitations must conclusively establish the bar of limitations. *Zale Corp. v. Rosenbaum,* 520 S.W.2d 889, 891 (Tex.1975). If the nonmovant raises fact issues suspending limitations, the movant must conclusively negate these fact issues to show its entitlement to summary judgment. *See Vale v. Ryan,* 809 S.W.2d 324, 326 (Tex.App.—Austin 1991, no writ).

Point of Error One

In his first point of error the appellant argues that the summary judgment on the limitations defense was error because the appellees did not disprove the fact issue raised by the appellant in his response to the motion for summary judgment. The appellant argues the limitations period should be tolled because he was of unsound mind. Summary judgment evidence on this issue is the appellant's affidavit outlining some of the psychiatric care he received during the period from May 31, 1985, until June 22, 1992, the date of the affidavit. He does not state he is or ever was of unsound mind, or that he was ever incapacitated during the period beginning with the date of the assault until he learned of his cause of action in December 1991.

■ Appellant first argues he should receive the tolling benefits in section 16.001 of the Texas Civil Practice & Remedies Code. However, we note that the Medical Liability and Insurance Improvement Act establishes a statute of limitations notwithstanding any other law and regardless of any other legal disability. Article 4590i, section 10.01, in pertinent part provides:

> Notwithstanding any other law, no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed.... Except as herein provided, this subchapter applies to all persons regardless of minority or other legal disability.

TEX.REV.CIV.STAT.ANN. art. 4590i, § 10.01 (Vernon Pamph.1993). The Texas Supreme Court has held that the general tolling statutes are inapplicable to medical malpractice claims. *See Hill v. Milani,* 686 S.W.2d 610, 611 (Tex.1985).

The court in *Desemo v. Gafford,* 692 S.W.2d 571, 574 (Tex.App.—Eastland 1985, writ ref'd n.r.e.), declined to apply the unsound mind tolling provision of TEX.REV. CIV.STAT.ANN. art. 5535 (Vernon 1985) (now TEX.REV.CIV.PRAC. & REM.CODE ANN. § 16.001 (Vernon 1986 & Supp.1993)) to medical malpractice claims under this statute. The Dallas Court of Appeals has also declined to apply this tolling provision to medical malpractice claims. *Waters v. Del–Ky, Inc.,* 844 S.W.2d 250 (Tex.App.—Dallas 1992, n.w.h.). We hold that section 16.001 is part of the "other law" to which the statute refers and also decline to apply this

tolling provision to cases filed under article 4590i.

 Section 16.022 of the Civil Practice and Remedies Code deals with the tolling of limitations in suits for recovery of real property and is not applicable to this fact situation.

The appellant's first point of error is overruled.

Point of Error Two

 In his second point of error, the appellant raises the issue of the constitutionality of section 10.01 of the Medical Liability and Insurance Improvement Act as applied to him, arguing application violates the "open courts" provision of the Texas Constitution.

 It is well settled that with the passage of the Medical Liability and Insurance Improvement Act, the legislature intended to adopt an absolute two-year limitations period and to abolish the discovery rule for medical malpractice claims. *Morrison v. Chan*, 699 S.W.2d 205, 208 (Tex. 1985); *Neagle v. Nelson*, 685 S.W.2d 11, 12–15 (Tex.1985); *DeLuna v. Rizkallah*, 754 S.W.2d 366, 367–68 (Tex.App.—Houston [1st Dist.] 1988, writ denied); *Tsai v. Wells*, 725 S.W.2d 271, 273 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.). However, the limitations period cannot bar a plaintiff's action if it would violate the open courts provision of the Texas Constitution.

The "open courts" provision of the Texas Constitution provides in part:

All courts shall be open, and every person for an injury done to him, his lands, goods, person or reputation, shall have remedy by due course of law.

TEX. CONST. art. 1, § 13. The rationale underlying the open courts provision is that the legislature has no power to make a remedy by due course of law contingent upon an impossible condition. *Nelson v. Krusen*, 678 S.W.2d 918, 921 (Tex.1984).

 The supreme court articulated a two-part test for analyzing alleged violations of the open courts provision. It must be shown (1) that the litigant has an established common-law cause of action, and (2) that the restriction upon that cause is unreasonable when the extent to which the restriction affects the litigant's right to redress is balanced against the purpose of the challenged statute or ordinance. *Sax v. Votteler*, 648 S.W.2d 661, 666 (Tex.1983). In determining the restrictive effect of the statutory provision at issue, the court must also consider whether the legislature has avoided an unconstitutional result by providing a substitute remedy or by leaving a reasonable alternative at common law. *Tinkle v. Henderson*, 730 S.W.2d 163, 166 (Tex.App.—Tyler 1987, writ ref'd).

 In passing upon the constitutionality of a statute, we begin with a presumption of validity. *Smith v. Davis*, 426 S.W.2d 827, 831 (Tex.1968). An intermediate appellate court should not hold a statute unconstitutional "unless such grounds are clear and reasonably certain." *Wells v. Hames*, 464 S.W.2d 393, 395 (Tex.Civ. App.—Houston [14th Dist.] 1971, writ ref'd n.r.e.).

Specific situations where the supreme court has found application of the statute of limitations a violation of the open courts provision are distinguishable from this case. The court in *Neagle* dealt with a claim which "was impossible for [the plaintiff] to discover" until more than two years after a sponge was mistakenly left in his stomach during his appendectomy. 685 S.W.2d at 12. In *Nelson*, the plaintiff's doctor tested her three times to determine whether or not she was a genetic carrier of Duchenne muscular dystrophy and determined she was not. 678 S.W.2d at 920. More than three years after her child was born, he was diagnosed as having Duchenne muscular dystrophy. *Id.* It was not possible for her to learn of her injury until the diagnosis was made. *Id.* The *Sax* court found the provision unconstitutional when applied to minor plaintiffs because it cut off a potential cause of action before the minor had the capacity to sue without providing a reasonable substitute. 648 S.W.2d at 667.

In *Tinkle*, the Tyler Court of Appeals reversed summary judgment, holding the limitations section of article 4590i is unconstitutional when it operates to bar the cause of action for medical malpractice

brought by one whose mental impairment has been *continuous* and *uninterrupted* from the time of injury until suit is filed. 730 S.W.2d at 167. The plaintiff in *Tinkle* suffered brain damage from oxygen deprivation resulting from a severe morphine reaction. *Id.* at 164–65. The court in *Tinkle* also noted that the plaintiff alleged that his incompetence was *actually due to the negligence* of the doctor and hospital. *Id.* at 167. This is not the situation we have before us. There are no allegations the appellees caused the appellant's unsound mind. Nor is there evidence of brain damage like that which rendered the *Tinkle* plaintiff incapacitated.

Applying the *Sax* test to the facts in this case, the appellant is able to satisfy the first requirement because in his expert's opinion the appellees' care of appellant was below the standard of care. Balancing the restriction of the appellant's cause of action against the purpose of the limitations action, the second prong of the *Sax* analysis, we must look to the appellant's proof. The appellant's affidavit indicates he has been under the care of a number of psychiatrists from May 31, 1985, to the present. He also states he learned he had a cause of action in December 1991. He does not state why he sought psychiatric care or the diagnosis. He does not state he was unable to handle his own affairs or was of unsound mind. There is nothing in the affidavits filed with the response to the motion for summary judgment that would create a fact issue on an impairment causing the application of the statute of limitations to be unconstitutional under the open courts provision.

The appellant urges we should reverse the summary judgment even though he conceded during oral argument his summary judgment evidence does not show he was of unsound mind, incapacitated, or unable to handle his affairs at any time during the limitations period. He argues the mere fact he raises this issue in his pleading and in his response to the motion for summary judgment shifts the burden to the movant to prove it was reasonably pos-

sible for him to learn of his injury during the limitations period.

 A pleading is not summary judgment evidence. *Hidalgo v. Surety Sav. & Loan Ass'n*, 462 S.W.2d 540, 545 (Tex.1971). A response is not summary judgment evidence. *Keenan v. Gibraltar Sav. Ass'n*, 754 S.W.2d 392, 394 (Tex. App.—Houston [14th Dist.] 1988, no writ). For a nonmovant to raise a fact issue, there must be *evidence* to support his assertion. *Manges v. Astra Bar, Inc.*, 596 S.W.2d 605, 611 (Tex.Civ.App.—Corpus Christi 1980, writ ref'd n.r.e.). A mere assertion is not sufficient; if it were, then the policy behind summary judgments would be considerably undermined. The nonmovant must present some competent summary judgment *evidence* before a court can determine fact issues preclude the granting of summary judgment.[1]

We find that as applied to this appellant, section 10.01 of the Medical Liability and Insurance Improvement Act is constitutional.

The appellant's second point of error is overruled.

The summary judgment is affirmed.

---

1. *See Hellman v. Mateo*, 772 S.W.2d 64, 66 (Tex. 1989) (Hellman's deposition attached to her response as summary judgment proof presented fact issue); *Tinkle*, 730 S.W.2d at 165 (summary judgment proof demonstrated the existence of a material fact issue).