**David Louis PALLA, Individually and as Next Friend of Betty June Palla and Betty June Palla, Appellants,**

v.

**Robert E. McDONALD, M.D., Appellee.**

**No. 01–93–00078–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

May 26, 1994.

Stan Pfeiffer, Theresa A. Walter, Houston, for appellants.

M. Karinne McCullough, Houston, for appellee.

Before MIRABAL, COHEN and HEDGES, JJ.

## OPINION

MIRABAL, Justice.

This is an appeal from a take-nothing summary judgment in favor of appellee, Robert E. McDonald, M.D., one of 16 defendants in this medical malpractice suit.

The petition filed in the trial court alleged that appellant, Betty June Palla, was admitted to Hermann Hospital on January 31, 1988 with left abdominal pain. Appellee was the urologist who treated Mrs. Palla from January 31, 1988 until her discharge in

March 1988. During her stay at Hermann Hospital, Mrs. Palla developed brain damage and cortical blindness. Appellee continued to treat Mrs. Palla at Del Oro Hospital through June 1988.

Appellants, Mrs. Palla and her husband David Louis Palla, filed suit on January 30, 1990, naming Hermann Hospital and various doctors and nurses as defendants. In their third amended petition filed on June 3, 1992, appellants added appellee McDonald as a defendant.

McDonald filed a motion for summary judgment and severance on the grounds that appellants' suit against him was barred by the statute of limitations. His motion was granted and appellants appeal.[1]

Appellants bring two points of error on appeal. They first complain that the trial court erred in granting summary judgment because there are genuine issues of material fact regarding appellant Betty June Palla's mental competency for limitations purposes. Second, appellants complain that the two-year statute of limitations in the Medical Liability and Insurance Improvement Act (The Medical Liability Act)[2] is unconstitutional as applied to appellant, Betty June Palla.

 In reviewing the granting of a motion for summary judgment, this court will take as true all evidence favorable to the nonmovant. *MMP, Ltd. v. Jones,* 710 S.W.2d 59, 60 (Tex.1986); *Goldberg v. United States Shoe Corp.,* 775 S.W.2d 751, 752 (Tex. App.—Houston [1st Dist.] 1989, writ denied). Every reasonable inference will be resolved in the nonmovant's favor. *Continental Casing Corp. v. Samedan Oil Corp.,* 751 S.W.2d 499, 501 (Tex.1988); *Goldberg,* 775 S.W.2d at 752.

 Summary judgment is proper for a defendant if the summary judgment proof establishes as a matter of law that there exists no genuine issue of material fact concerning one or more of the plaintiff's causes of action. *Goldberg,* 775 S.W.2d at 752. Summary judgment is also proper for a defendant if the evidence conclusively establishes all elements of the defendant's affirmative defense as a matter of law. *Munoz v. Gulf Oil Co.,* 693 S.W.2d 372, 373 (Tex.1984) (quoting *City of Houston v. Clear Creak Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979)).

 A party moving for summary judgment on the basis of limitations must conclusively establish the bar of limitations. *Zale Corp. v. Rosenbaum,* 520 S.W.2d 889, 891 (Tex.1975). If the nonmovant raises fact issues suspending limitations, the movant must conclusively negate these fact issues to show its entitlement to summary judgment. *See Vale v. Ryan,* 809 S.W.2d 324, 326 (Tex. App.—Austin 1991, no writ).

 Appellants assert that summary judgment on the limitations defense was improper because appellee did not disprove the material fact issues raised by appellants in their summary judgment response. Appellants argue that because Mrs. Palla was rendered legally incompetent by the very act of malpractice complained of, the statute of limitations has never begun to run.

Summary judgment evidence on this issue consists of excerpts from Mrs. Palla's deposition and an affidavit from Dr. Larry Pollock, a neuropsychologist who evaluated and treated Mrs. Palla. Mrs. Palla's deposition testimony shows she is not able to recall many of the important aspects of her life, such as: her middle name or maiden name; her date of birth, or the length of her marriage; any information regarding her hospitalization within the last 4 or 5 years; the names of any of her doctors; the age of her son or what he does for a living; how long it has been since she has been blind or how she lost her eyesight.

The affidavit of Dr. Pollock states that, based on his evaluation of Mrs. Palla on April 1, 1988, it is his opinion that she suffers from

1. David Louis Palla, Mrs. Palla's husband, appeared in the trial court and on appeal "individually and as next friend of Betty June Palla." However, appellants concede that Mr. Palla's claims, *as an individual*, against appellee have been barred by the statute of limitations, and that summary judgment was properly granted to appellee against Mr. Palla, individually.

2. Tex.Rev.Civ.Stat.Ann. art. 4590i (Vernon Supp. 1994).

"profound neurocognitive impairment, consistent with anoxic encephalopathy," permanent brain damage caused by lack of oxygen. The affidavit, dated September 18, 1992, further states that Mrs. Palla's "physical and mental condition is such that in reasonable medical probability she does not understand the cause or extent of her injuries, and does not have the mental capacity to pursue legal action for her injuries." Appellee did not file controverting evidence.

The summary judgment evidence raised a fact issue regarding whether Mrs. Palla was legally disabled, suffering from mental impairment that had been continuous and uninterrupted from the time of injury in early 1988 through the time suit was filed. Fact issues also remain regarding whether Mrs. Palla's alleged continuous and uninterrupted state of mental incompetence was actually due to the negligence of appellee. If the fact of Mrs. Palla's continuous and uninterrupted state of mental incompetence would toll the statute of limitations, we must reverse.

It is appellee's position that the existence of a fact issue regarding Mrs. Palla's mental state is irrelevant because, in a medical negligence case, mental disability does not toll the running of the statute of limitations. The Medical Liability Act states in part:

> *Notwithstanding any other law,* no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed; provided that, minors under the age of twelve shall have until their 14th birthday in which to file, or have filed on their behalf, the claim. Except as herein provided, this subchapter applies to all persons *regardless of minority or other legal disability.*

TEX.REV.CIV.STAT.ANN. art. 4590i, § 10.01 (Vernon Supp.1994) (emphasis added). Many cases have held that the general tolling statutes are inapplicable to medical malpractice claims brought under article 4590i. *Hill v. Milani,* 686 S.W.2d 610, 613 (Tex.1985) (declining to apply article 5537 (now TEX.CIV. PRAC. & REM.CODE ANN. § 16.063) which suspends the statute of limitations while a person is temporarily absent from the state, to cases filed under article 4590i); *Liggett v. Blocher,* 849 S.W.2d 846, 850–51 (Tex.App.— Houston [1st Dist.] 1993, no writ) (declining to apply the unsound mind tolling provision of TEX.CIV.PRAC. & REM.CODE ANN. § 16.-001(a)(2) to a case filed under article 4590i); *see Desemo v. Gafford,* 692 S.W.2d 571, 574 (Tex.App.—Eastland 1985, writ ref'd n.r.e.) (declining to apply article 5535 (now TEX.CIV. PRAC. & REM.CODE ANN. § 16.001(a)(2)) to a case filed under article 4590i); *Waters ex rel. Walton v. Del–KY, Inc.,* 844 S.W.2d 250, 256 (Tex.App.—Dallas 1992, no writ) (holding that the express provisions of article 4590i exclude the unsound mind tolling provision of TEX.CIV.PRAC. & REM.CODE ANN. § 16.-001(a)(2) and (b)).

■ Appellants respond that, under the particular facts of the present case, the two-year statute of limitations in the Medical Liability Act is unconstitutional as applied to Betty June Palla because it violates the open courts provision of the Texas Constitution.

■ The "open courts" provision of the Texas Constitution provides in part:

> All courts shall be open, and every person for an injury done to him, his lands, goods, person or reputation, shall have remedy by due course of law.

TEX. CONST. art. I, § 13. The rationale underlying the open courts provision is that the legislature has no power to make a remedy by due course of law contingent upon an impossible condition. *Nelson v. Krusen,* 678 S.W.2d 918, 921 (Tex.1984).

■ In order to assert a violation of the open courts provision, the litigant must establish (1) that she has a cognizable common-law cause of action that is being restricted; and (2) that the restriction is unreasonable or arbitrary when balanced against the purpose and basis of the statute. *Sax v. Votteler,* 648 S.W.2d 661, 666 (Tex.1983).

The Texas Supreme Court has found the limitations provision of the Medical Liability Act and its precursors unconstitutional under the open courts provision in certain situations: (1) to the extent it purports to cut off an injured person's right to sue before the

person has a reasonable opportunity to discover the wrong and bring suit: *Neagle v. Nelson,* 685 S.W.2d 11, 12 (Tex.1985) (surgical sponge left in stomach impossible to discover); *Nelson,* 678 S.W.2d 918 (failure to diagnose mother as genetic carrier of disease until three years after child born with disease); and (2) to the extent it cuts off a minor's common-law cause of action before she is legally able to sue. *Sax,* 648 S.W.2d at 667. Additionally, the factually similar, "writ refused" case of *Tinkle v. Henderson,*[3] held the limitations provision of the Medical Liability Act is unconstitutional.

In *Tinkle,* the plaintiff alleged that while he was being treated at a hospital, he suffered permanent brain damage caused by lack of oxygen. The plaintiff brought suit for medical negligence approximately six years after he was discharged from the hospital. The defendant doctors and hospital were granted summary judgment based upon the two-year statute of limitations in the precursor to section 10.01 of The Medical Liability Act.[4] The *Tinkle* court reversed, holding that the two-year limitation provision was

> violative of the open courts provision of our Constitution when it operates to bar the cause of action from medical malpractice brought by one who has *remained continuously mentally incompetent from the time of injury until suit is filed.*

*Tinkle,* 730 S.W.2d at 167 (emphasis added).

The Corpus Christi Court of Appeals followed *Tinkle* in a case also involving evidence that the plaintiff was "continuously mentally incompetent from the date of her surgery until the date" suit was filed. *Felan v. Ramos,* 857 S.W.2d 113, 117 (Tex.App.—Corpus Christi 1993, writ denied) (because the alleged wrongful act resulted in the plaintiff remaining incompetent until death, she should not have been bound by the two-year statute of limitations to assert her medical negligence cause of action).[5]

Appellee argues that the present case is distinguishable. In *Tinkle* and *Felan, no suit* was filed until *after* the statute of limitations in article 4590i had run. *Tinkle,* 730 S.W.2d at 164–65; *Felan,* 857 S.W.2d at 115–16. In the present case, appellants *filed suit within the two-year limitations period* against 15 other defendants; it is only appellee who was added as a defendant *after* the two-year limitation period had expired. Thus, appellee argues, Mrs. Palla had a reasonable opportunity to discover the alleged wrong and bring suit within two years; she has not been denied access to the courts for her medical malpractice claims; and, therefore, the statute is not unconstitutional under the open courts provision when applied to Mrs. Palla and the facts of this case.

The Texas Supreme Court considered, and rejected, such an argument when construing the tolling provisions of Tex.Civ.Prac. & Rem. Code Ann. § 16.001(a) and (b) (Vernon 1986),[6] in *Ruiz v. Conoco, Inc.,* 868 S.W.2d 752 (Tex.1993).[7]

3. *Tinkle v. Henderson,* 730 S.W.2d 163 (Tex. App.—Tyler 1987, writ ref'd). By its order of "writ refused" on the application for writ of error, the Texas Supreme Court has said that the *Tinkle* court's judgment is correct, and that the principles of law declared in the opinion are correctly determined. Tex.R.App.P. 133(a).

4. Former article 5.82, § 4, of the Texas Insurance Code Act of June 3, 1975, 64th Leg., R.S., ch. 330, § 1, 1975 Tex.Gen.Laws 864, 865–66, *repealed by* Act of June 16, 1977, 65th Leg., 1st C.S., Medical Liability and Insurance Improvement Act, ch. 817, § 41.03, 1977 Tex.Gen.Laws 2039, 2064.

5. We note that our holding in *Liggett v. Blocher,* that Section 10.01 of the Medical Liability Act was constitutional as applied to plaintiff Liggett, does not conflict with the holding in *Tinkle.* In *Liggett,* we specifically pointed out that plaintiff Liggett had not alleged he had suffered *continu-*

*ous and uninterrupted mental impairment* caused by medical negligence, as had been alleged in *Tinkle.* 849 S.W.2d at 852.

6. Section 16.001 states in relevant part:
 (a) For the purposes of this subchapter, a person is under a legal disability if the person is:
 (1) younger than 18 years of age, regardless of whether the person is married; or
 (2) of unsound mind.
 Tex.Civ.Prac. & Rem.Code Ann. § 16.001 (Vernon Supp.1994).

7. Although *Ruiz* is a general negligence case construing a specific tolling statute, we find its analysis applicable to the present case in light of *Tinkle's* holding that, even in the absence of a specific tolling state, the constitution mandates the statute of limitations is tolled for one who has remained continuously mentally incompetent from the time of injury until suit is filed. *Tinkle,* 730 S.W.2d at 167.

In *Ruiz*, the plaintiff Ruiz sustained severe and permanent head injuries in an accident on an oil well. Just short of two years later, Ruiz and his wife sued his employer in Harris County. More than three years after the accident, Ruiz and his wife sued the oil well owner in a separate action in a different county, Zapata County. Both lawsuits got dismissed, one for discovery abuse, and the other for want of prosecution. Thereafter, five years after the date of the accident, Ruiz was formally adjudicated to be, and to have been, mentally incompetent since the date of the accident, and Ruiz's wife was appointed guardian of his estate and person. Subsequently, five years and eight months after the accident, Ruiz, through his guardian wife, sued the oil well owner in a different county still, Starr County.

The oil well owner moved for summary judgment on the grounds that the Starr County lawsuit was barred by the two-year statute of limitations. It argued that Ruiz exercised his right to have access to the courts by suing for damages arising out of this accident, and his prior-filed lawsuits had pended in the courts for more than two years. It was the defendant's position that the statute of limitations should have been tolled by Ruiz' mental incompetency only during the period Ruiz did not have access to the courts to assert his rights.

The supreme court noted that the principle—that *access in fact* to the courts suspends a legal disability—has not been utilized in cases involving minors. *Ruiz*, 868 S.W.2d at 755. The Court, acknowledging the significance of the "writ refused" designation in *Tinkle*, then said:

> *We* have compared the legal disabilities of minority status and mental incapacity:
>
> > It is impossible to avoid the analogy between the situation of the child plaintiff ... and the arguably incompetent plaintiff in this case. Traditionally the interests of minors, incompetents, and other helpless persons are viewed in law as substantially similar, and both the substantive law and the rules of procedure accord them comparable treatment. In many respects, mentally incompetent persons present a more compelling case

for legal protection. They are frequently less communicative, more vulnerable and dependent than children.... The mentally incompetent are less likely than children to have someone intimately interested in their welfare and inclined to act in their behalf.

> *Tinkle v. Henderson*, 730 S.W.2d 163, 166 (Tex.App.—Tyler 1987, writ ref'd). Access to the courts does not alone provide a legally incapacitated person a viable opportunity to protect his legal rights. The disability of a person of unsound mind is not only the lack of access to the courts, but also the inability to participate in, control, or even understand the progression and disposition of their lawsuit.

*Ruiz*, 868 S.W.2d at 755 (emphasis added). The court concluded that the mere commencement of a lawsuit by, or on behalf of, a legally incapacitated person is, considered alone, insufficient to deny the protection of the tolling of the statute of limitations. *Id.* at 756. The court further acknowledged that the effect of its holding could be that the limitation period could remain open for the lifetime of a legally disabled plaintiff; the need to protect a plaintiff who is unable to protect himself continues so long as the plaintiff remains incompetent. *Id.*

Applying *Ruiz* to the present case, we conclude that the mere fact suit was filed on behalf of Mrs. Palla against other defendants is not sufficient to deny the protection of the tolling of the statute of limitations on Mrs. Palla's cause of action against a different defendant, appellee McDonald. In *Ruiz*, even filing suit against the *same defendant* two different times did not affect the tolling of the statute of limitations.

Because a material fact issue exists regarding whether Mrs. Palla has remained continuously mentally incompetent from the time of injury until suit, summary judgment against her was improper. Accordingly, we sustain appellants' points of error.

We affirm the summary judgment against appellant David Louis Palla, individually and sever him, individually, from the remainder of the cause pursuant to TEX.R.APP.P. 80. We reverse the judgment against appellants

**478**

Betty June Palla, individually, and David Louis Palla as next friend of Betty June Palla, and remand the cause to the trial court.