NO. 07-01-0323-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JUNE 13, 2002



______________________________




CURTIS R. FRANCIS, APPELLANT



V.



GARY JOHNSON, ET AL., APPELLEES




_________________________________



FROM THE 12TH DISTRICT COURT OF WALKER COUNTY;



NO. 19,568; HONORABLE ERWIN ERNST, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 This is an appeal from the trial court's dismissal of appellant Curtis R. Francis's suit
against appellees Gary Johnson, Edward Jones, Lonnie Johnson, Kevin Sherman, Samuel
Flowers, and Michael Jones. In his suit, appellant, an indigent inmate of the Institutional
Division of the Department of Criminal Justice, sought recovery for compensatory and
punitive damages for injuries he allegedly suffered at the hands of, or through the
instrumentality of, appellees. The trial court dismissed appellant's suit for failure to comply
with sections 14.004 and 14.005 of the Texas Civil Practice and Remedies Code. We
affirm.Procedural History

 The alleged basis of appellant's suit was that he suffered injuries while being
transferred from one unit of the Department of Criminal Justice to another unit. He alleged
that his injuries were not only the result of negligent acts on the part of appellees, but were
also the result of their "wanton, willfull [sic], and reckless disregard for Plaintiff's rights,
safety, and welfare." As we have noted, the trial court dismissed his case because of his
failure to comply with sections 14.004 and 14.005 of the Civil Practice and Remedies
Code.

Statutes

 Effective June 8, 1995, the legislature enacted Chapter 14 of the Civil Practice and
Remedies Code entitled "Inmate Litigation." Tex. Civ. Prac. & Rem. Code Ann. § 14.001-014 (Vernon Supp. 2002). With the exception of suits brought under the Family Code,
Chapter 14 applies to suits such as this one brought by an inmate who has filed "an
affidavit or unsworn declaration of inability to pay costs." Id. § 14.002. Section 14.003
allows a court to dismiss a suit before or after process is served if the court finds 1) the
allegations of poverty in the affidavit or unsworn declaration are false, 2) the claim is
frivolous or malicious, or 3) the inmate filed an affidavit or unsworn declaration required by
Chapter 14 that the inmate knew was false. Id. § 14.003(a). In determining whether a
claim is frivolous or malicious, the court may consider whether 1) the claim's realistic
chance of ultimate success is slight, 2) the claim has no arguable basis in law or in fact,
3) it is clear that the party cannot prove facts in support of the claim, or 4) the claim is
substantially similar to a previous claim filed by the inmate because the claim arises from
the same operative facts. Id. § 14.003(b).

 Section 14.004 requires that an inmate file a separate affidavit or declaration
identifying each prior suit brought by him, specifying the operative facts, the case name,
the cause number, the court in which it was brought, the names of the parties, and stating
the result of the suit. Id. § 14.004(a). This section also requires that the inmate file a
certified copy of his trust account statement from the Department of Criminal Justice. Id.
§ 14.004(c). Section 14.005 applies to complained of acts that are subject to the statutorily
required grievance procedures set up by the Department of Criminal Justice. Id. § 14.005;
Tex. Gov't Code Ann. § 501.008 (Vernon 1998).

 The purpose of Chapter 14 of the Code was defined in Hickson v. Moya, 926
S.W.2d 397 (Tex.App.--Waco 1996, no writ), as "to control the flood of frivolous lawsuits
being filed in the courts of this State by prison inmates, consuming valuable judicial
resources with little offsetting benefit." Id. at 399. The court went on to opine that the
supplemental filing required by section 14.004 was designed to assist a trial court in
making the determination that the legislature called upon it to make and is an essential part
of the process by which courts review litigation. Id. The court additionally reasoned that,
because a trial court can dismiss a cause when an inmate filed a false affidavit or
declaration, the same policy allows a court to dismiss a suit that is filed without the affidavit
or declaration. Id.Standard of Review

 The standard of review for a dismissal such as this is whether the trial court abused
its discretion. Id. at 398-99. The test for an abuse of discretion is whether the court acted
without reference to any guiding rules and principles. Downer v. Aquamarine Operators,
Inc., 701 S.W.2d 238, 241-42 (Tex. 1985), cert. denied, 476 U.S. 1159, 106 S.Ct. 2279,
90 L.Ed.2d 721 (1986) (citing Craddock v. Sunshine Bus Lines, 134 Tex. 388, 133 S.W.2d
124, 126 (1939)). See also Goode v. Shoukfeh, 943 S.W.2d 441, 446 (Tex. 1997). It is
the burden of the complaining party to show that the trial court's dismissal was arbitrary or
unreasonable in the light of all the surrounding circumstances. It is also established that
a pro se litigant is held to the same standards as licensed attorneys and must comply with
applicable laws and rules of procedure. See Mansfield State Bank v. Cohn, 573 S.W.2d
181, 184-85 (Tex. 1978); Holt v. F.F. Enterprises, 990 S.W.2d 756, 759 (Tex.App.--Amarillo 1998, no pet.).Constitutionality

 Appellant initially contends that Chapter 14 amounts to an arbitrary and
unreasonable interference with his access to open courts guaranteed by article 1, section
13 of the Texas Constitution. The "open courts" provision embodies at least three separate
constitutional guarantees: 1) courts must actually be open and operating; 2) the legislature
may not impede access to the courts through unreasonable barriers financial or otherwise;
and 3) the legislature may not abrogate well-established common law causes of action
unless the reason for its action outweighs the litigant's constitutional right of redress. 
Central Appraisal Dist. of Rockwall County v. Lall, 914 S.W.2d 686, 689 (Tex. 1996). It is
the second of these with which we are concerned here.

 In passing upon the constitutionality of a statute, we must begin with a presumption
of validity. Liggett v. Blocher, 849 S.W.2d 846, 851 (Tex.App.--Houston [1st Dist.] 1993,
no writ). An intermediate court should not hold a statute unconstitutional unless the
grounds that furnish a basis for such a holding are clear and reasonably certain. Id. For
the purpose of this discussion, we will assume arguendo that appellant's pleadings are
otherwise sufficient to state a cognizable cause of action. We have noted above the
purpose of the statute, so it is not necessary to reiterate that purpose other than to say it
was intended to obviate frivolous lawsuits filed by inmates which otherwise would flood the
courts. The statute is a procedural requirement that does not actually restrict an inmate's
right to file a bona fide suit. Rather, the information required by the statute is to assist
courts in determining whether an inmate's suit is frivolous. Thomas v. Wichita General
Hosp., 952 S.W.2d 936, 940 (Tex.App.--Fort Worth 1997, pet. denied). It does not
authorize the dismissal of meritorious claims. That being true, the statute does not violate
either article 1, section 15 of the Texas Constitution, nor the first amendment of the federal
constitution, and it satisfies the compelling state interest in ensuring that limited judicial
facilities are efficiently used and remain open for the disposition of valid disputes.

Discussion

 One of the main purposes of the statutory requirements for an inmate affidavit is to
enable a court to determine not only if a claim has an arguable basis in law, but also to aid
it in determining if it is substantially similar to a previous claim or claims filed by the inmate
and arises from the same operative facts. See Bell v. Texas Dept. of Criminal Justice-Institutional Div., 962 S.W.2d 156, 157-58 (Tex.App.--Houston [14th Dist.] 1998, pet.
denied). Operative facts, within the purview of the statute, must include the alleged factual
situations that gave rise to the various claims and a reasonably detailed description of
those facts. Without that type of information, a trial judge cannot determine if the suit is
so substantially similar to one previously filed by the inmate as to be either malicious or
frivolous. The failure to list the operative facts of prior actions is sufficient to justify the
dismissal of an inmate suit. Clark v. Unit, 23 S.W.3d 420, 422 (Tex. App.--Houston [1st
Dist.] 2000, pet. denied).

 In this case, appellant listed five previous filings. In four of the listings, he included
the dates the suits were filed, the names of the defendants, the cause numbers, and the
disposition or non-disposition of the suits. As the "operative facts" in each case he merely
listed the legal theory he alleged in filing each suit. This sort of allegation falls short of the
type of information required by the statute. See White v. State, 37 S.W.3d 562, 563-64
(Tex.App.--Beaumont 2001, no pet.).

 Section 501.008 of the Government Code provides for an inmate grievance system. 
See Tex. Gov't Code Ann. § 501.088 (Vernon 1998). That section provides an inmate may
not file a claim in state court regarding operative facts for which the Department of Criminal
Justice grievance system provides the exclusive administrative remedy until the inmate
receives a written decision issued by the highest authority provided in the grievance
system, or the 180th day after the date the grievance is filed if the inmate has not received
a written decision. See also Tex. Civ. Prac. & Rem. Code Ann. § 14.005(a) (Vernon Supp.
2002). An inmate who files a claim that is also subject to the grievance system must file
an affidavit stating the date a grievance was filed and the date a written decision was
received, together with a copy of the written decision. If he fails to file a claim within 31
days of receiving a final decision from the grievance system, the trial court must dismiss
the suit. Id. § 14.005(b). If a claim is filed before the grievance proceeding has run its
course, the trial court must stay the suit for at least 180 days to permit completion of the
proceeding. Id. § 14.005(c).

 The purpose of section 14.005 is to allow the trial court to ensure that an inmate
proceeding in forma pauperis has utilized the Department of Criminal Justice if it is
applicable to his claim and to dismiss a suit when it becomes clear that the inmate has
failed to provide the information the statute requires. Smith v. Texas Dept. of Criminal
Justice - Institutional Div., 33 S.W.3d 338, 341 (Tex.App.--Texarkana 2000, pet. denied). 

 In this case, appellant admitted that he was involved in such a grievance
proceeding. He failed to comply with the statute and did not file copies of his grievances
with his petition, nor has he yet filed any such copies. Moreover, at the time of the hearing
on appellees' dismissal motion, he admitted that the grievance was still pending when he
filed this lawsuit. Even so, appellant points to the provision in section 14.005(c) that if the
suit is filed before the grievance proceeding is complete, the court shall delay the
proceeding for a period not to exceed 180 days to permit completion of the grievance
proceeding. He posits that because the trial court never entered a specific order delaying
the proceeding for the 180-day period, his failure cannot be a basis for dismissal. We
disagree. As we noted, the statute specifically provides that the purpose of the delay order
is to permit completion of the grievance proceeding. Appellant's suit was filed on August
15, 1996, nearly five years before the June 5, 2001 dismissal of the suit.

 In sum, the trial court did not abuse its discretion in dismissing appellant's suit and
its judgment doing so is affirmed.


 John T. Boyd

 Chief Justice


Do not publish.