NO. 07-01-0323-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 13, 2002

_____

CURTIS R. FRANCIS, APPELLANT

V.

GARY JOHNSON, ET AL., APPELLEES

_____

FROM THE 12TH DISTRICT COURT OF WALKER COUNTY;

NO. 19,568; HONORABLE ERWIN ERNST, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

This is an appeal from the trial court's dismissal of appellant Curtis R. Francis's suit against appellees Gary Johnson, Edward Jones, Lonnie Johnson, Kevin Sherman, Samuel Flowers, and Michael Jones. In his suit, appellant, an indigent inmate of the Institutional Division of the Department of Criminal Justice, sought recovery for compensatory and punitive damages for injuries he allegedly suffered at the hands of, or through the instrumentality of, appellees. The trial court dismissed appellant's suit for failure to comply

with sections 14.004 and 14.005 of the Texas Civil Practice and Remedies Code. We affirm.

Procedural History

The alleged basis of appellant's suit was that he suffered injuries while being transferred from one unit of the Department of Criminal Justice to another unit. He alleged that his injuries were not only the result of negligent acts on the part of appellees, but were also the result of their "wanton, willfull [sic], and reckless disregard for Plaintiff's rights, safety, and welfare." As we have noted, the trial court dismissed his case because of his failure to comply with sections 14.004 and 14.005 of the Civil Practice and Remedies Code.

Statutes

Effective June 8, 1995, the legislature enacted Chapter 14 of the Civil Practice and Remedies Code entitled "Inmate Litigation." Tex. Civ. Prac. & Rem. Code Ann. § 14.001-014 (Vernon Supp. 2002). With the exception of suits brought under the Family Code, Chapter 14 applies to suits such as this one brought by an inmate who has filed "an affidavit or unsworn declaration of inability to pay costs." *Id*. § 14.002. Section 14.003 allows a court to dismiss a suit before or after process is served if the court finds 1) the allegations of poverty in the affidavit or unsworn declaration are false, 2) the claim is frivolous or malicious, or 3) the inmate filed an affidavit or unsworn declaration required by Chapter 14 that the inmate knew was false. *Id*. § 14.003(a). In determining whether a

2

claim is frivolous or malicious, the court may consider whether 1) the claim's realistic chance of ultimate success is slight, 2) the claim has no arguable basis in law or in fact, 3) it is clear that the party cannot prove facts in support of the claim, or 4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts. *Id.* § 14.003(b).

Section 14.004 requires that an inmate file a separate affidavit or declaration identifying each prior suit brought by him, specifying the operative facts, the case name, the cause number, the court in which it was brought, the names of the parties, and stating the result of the suit. *Id.* § 14.004(a). This section also requires that the inmate file a certified copy of his trust account statement from the Department of Criminal Justice. *Id.* § 14.004(c). Section 14.005 applies to complained of acts that are subject to the statutorily required grievance procedures set up by the Department of Criminal Justice. *Id*. § 14.005; Tex. Gov't Code Ann. § 501.008 (Vernon 1998).

The purpose of Chapter 14 of the Code was defined in *Hickson v. Moya*, 926 S.W.2d 397 (Tex.App.--Waco 1996, no writ), as "to control the flood of frivolous lawsuits being filed in the courts of this State by prison inmates, consuming valuable judicial resources with little offsetting benefit." *Id*. at 399. The court went on to opine that the supplemental filing required by section 14.004 was designed to assist a trial court in making the determination that the legislature called upon it to make and is an essential part of the process by which courts review litigation. *Id*. The court additionally reasoned that, because a trial court can dismiss a cause when an inmate filed a false affidavit or

declaration, the same policy allows a court to dismiss a suit that is filed without the affidavit or declaration. *Id.*

## Standard of Review

The standard of review for a dismissal such as this is whether the trial court abused its discretion. *Id*. at 398-99. The test for an abuse of discretion is whether the court acted without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241-42 (Tex. 1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986) (*citing Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939)). *See also Goode v. Shoukfeh,* 943 S.W.2d 441, 446 (Tex. 1997). It is the burden of the complaining party to show that the trial court's dismissal was arbitrary or unreasonable in the light of all the surrounding circumstances. It is also established that a pro se litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978); *Holt v. F.F. Enterprises,* 990 S.W.2d 756, 759 (Tex.App.--Amarillo 1998, no pet.).

## Constitutionality

Appellant initially contends that Chapter 14 amounts to an arbitrary and unreasonable interference with his access to open courts guaranteed by article 1, section 13 of the Texas Constitution. The "open courts" provision embodies at least three separate constitutional guarantees: 1) courts must actually be open and operating; 2) the legislature

may not impede access to the courts through unreasonable barriers financial or otherwise; and 3) the legislature may not abrogate well-established common law causes of action unless the reason for its action outweighs the litigant's constitutional right of redress. *Central Appraisal Dist. of Rockwall County v. Lall*, 914 S.W.2d 686, 689 (Tex. 1996). It is the second of these with which we are concerned here.

In passing upon the constitutionality of a statute, we must begin with a presumption of validity. *Liggett v. Blocher,* 849 S.W.2d 846, 851 (Tex.App.--Houston [1st Dist.] 1993, no writ). An intermediate court should not hold a statute unconstitutional unless the grounds that furnish a basis for such a holding are clear and reasonably certain. *Id.* For the purpose of this discussion, we will assume arguendo that appellant's pleadings are otherwise sufficient to state a cognizable cause of action. We have noted above the purpose of the statute, so it is not necessary to reiterate that purpose other than to say it was intended to obviate frivolous lawsuits filed by inmates which otherwise would flood the courts. The statute is a procedural requirement that does not actually restrict an inmate's right to file a *bona fide* suit. Rather, the information required by the statute is to assist courts in determining whether an inmate's suit is frivolous. *Thomas v. Wichita General Hosp.,* 952 S.W.2d 936, 940 (Tex.App.--Fort Worth 1997, pet. denied). It does not authorize the dismissal of meritorious claims. That being true, the statute does not violate either article 1, section 15 of the Texas Constitution, nor the first amendment of the federal constitution, and it satisfies the compelling state interest in ensuring that limited judicial facilities are efficiently used and remain open for the disposition of valid disputes.

5

Discussion

One of the main purposes of the statutory requirements for an inmate affidavit is to enable a court to determine not only if a claim has an arguable basis in law, but also to aid it in determining if it is substantially similar to a previous claim or claims filed by the inmate and arises from the same operative facts. *See Bell v. Texas Dept. of Criminal Justice-Institutional Div.*, 962 S.W.2d 156, 157-58 (Tex.App.--Houston [14th Dist.] 1998, pet. denied). Operative facts, within the purview of the statute, must include the alleged factual situations that gave rise to the various claims and a reasonably detailed description of those facts. Without that type of information, a trial judge cannot determine if the suit is so substantially similar to one previously filed by the inmate as to be either malicious or frivolous. The failure to list the operative facts of prior actions is sufficient to justify the dismissal of an inmate suit. *Clark v. Unit*, 23 S.W.3d 420, 422 (Tex. App.--Houston [1st Dist.] 2000, pet. denied).

In this case, appellant listed five previous filings. In four of the listings, he included the dates the suits were filed, the names of the defendants, the cause numbers, and the disposition or non-disposition of the suits. As the "operative facts" in each case he merely listed the legal theory he alleged in filing each suit. This sort of allegation falls short of the type of information required by the statute. *See White v. State,* 37 S.W.3d 562, 563-64 (Tex.App.--Beaumont 2001, no pet.).

Section 501.008 of the Government Code provides for an inmate grievance system. *See* Tex. Gov't Code Ann. § 501.088 (Vernon 1998). That section provides an inmate may not file a claim in state court regarding operative facts for which the Department of Criminal Justice grievance system provides the exclusive administrative remedy until the inmate receives a written decision issued by the highest authority provided in the grievance system, or the 180th day after the date the grievance is filed if the inmate has not received a written decision. *See also* Tex. Civ. Prac. & Rem. Code Ann. § 14.005(a) (Vernon Supp. 2002). An inmate who files a claim that is also subject to the grievance system must file an affidavit stating the date a grievance was filed and the date a written decision was received, together with a copy of the written decision. If he fails to file a claim within 31 days of receiving a final decision from the grievance system, the trial court must dismiss the suit. *Id.* § 14.005(b). If a claim is filed before the grievance proceeding has run its course, the trial court must stay the suit for at least 180 days to permit completion of the proceeding. *Id.* § 14.005(c).

The purpose of section 14.005 is to allow the trial court to ensure that an inmate proceeding *in forma pauperis* has utilized the Department of Criminal Justice if it is applicable to his claim and to dismiss a suit when it becomes clear that the inmate has failed to provide the information the statute requires. *Smith v. Texas Dept. of Criminal Justice - Institutional Div.*, 33 S.W.3d 338, 341 (Tex.App.--Texarkana 2000, pet. denied).

In this case, appellant admitted that he was involved in such a grievance proceeding. He failed to comply with the statute and did not file copies of his grievances

with his petition, nor has he yet filed any such copies. Moreover, at the time of the hearing on appellees' dismissal motion, he admitted that the grievance was still pending when he filed this lawsuit. Even so, appellant points to the provision in section 14.005(c) that if the suit is filed before the grievance proceeding is complete, the court shall delay the proceeding for a period not to exceed 180 days to permit completion of the grievance proceeding. He posits that because the trial court never entered a specific order delaying the proceeding for the 180-day period, his failure cannot be a basis for dismissal. We disagree. As we noted, the statute specifically provides that the purpose of the delay order is to permit completion of the grievance proceeding. Appellant's suit was filed on August 15, 1996, nearly five years before the June 5, 2001 dismissal of the suit.

In sum, the trial court did not abuse its discretion in dismissing appellant's suit and its judgment doing so is affirmed.


John T. Boyd
Chief Justice

Do not publish.