Opinion issued November 27, 2002











In The
Court of Appeals
For The
First District of Texas




NO. 01-00-00669-CV




WILLIAM GENE ROLLINS, JR., AS INDEPENDENT ADMINISTRATOR
OF THE ESTATE OF WILLIAM EUGENE ROLLINS, SR., Appellant

V.

DIANNA SIMMONS & PHYLLIS RUNDHAUG, Appellees




On Appeal from Probate Court No. 1
Harris County, Texas
Trial Court Cause No. 293635-403





OPINION ON MOTION FOR REHEARING 
          Appellees, Dianna Simmons and Phyllis Rundhaug, have filed a motion for
rehearing and motion for rehearing en banc. We deny rehearing, but withdraw our
opinion and judgment of September 26, 2002, and issue this new opinion in its stead. 
Accordingly, we deny the motion for rehearing en banc as moot.


 
          Appellant, William “Gene” Rollins, Jr., as independent administrator of the
estate of William Rollins, Sr., appeals the summary judgment granted in favor of
appellees, Dianna Simmons and Phyllis Rundhaug. We reverse and remand.
BACKGROUND FACTS AND PROCEDURAL HISTORY
          The summary judgment evidence is undisputed and may be summarized as 
follows:
          Janie E. Rundhaug, decedent, executed her last will and testament on January
25, 1996. The will was witnessed by Ronald L. Moore (decedent’s brother), Forrest
Moore (decedent’s nephew), and William Eugene Rollins, Sr. (decedent’s former
husband).


 The will was not self-proved. Two of the witnesses, Rollins, Sr. and
Ronald Moore, were also beneficiaries under the will. Other beneficiaries under the
will were Lindof Rhodes, Emogene Jones, Ida Jo Campbell, Charlene Dunaway,
Zelda Townsend, Neal Carlyle Rohrig, Jr., Brenda Kay Diponio, and appellees
Dianna Simmons and Phyllis Rundhaug, daughters of decedent.
          On October 8, 1997, the decedent died. On December 9, 1997, an evidentiary
hearing was held on the application to admit the will to probate. There is no
reporter’s record of that evidentiary hearing. After the hearing, the trial court
admitted the will to probate by order dated December 9, 1997. No appeal was taken
from that order. 
          Rollins, Sr. died on April 27, 1998 and his estate is being administered by
William “Gene” Rollins, Jr., the independent administrator. Appellees filed this
declaratory judgment action against William “Gene” Rollins, Jr. as independent
administrator and sought summary judgment seeking to hold all bequests in the will
of appellees’ mother to Rollins, Sr. void as a matter of law pursuant to sections 61
and 62 of the Texas Probate Code. The trial court granted appellees’ motion for
summary judgment.
STANDARD OF REVIEW
          Appellees filed a traditional motion for summary judgment under rule 166a of
the Texas Rules of Civil Procedure. See Tex. R. Civ. P. 166a(c). Summary judgment
is proper only when the movants prove there is no genuine issue as to any material
fact, and they are entitled to judgment as a matter of law. Randall’s Food Mkts., Inc.
v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995); Marchal v. Webb, 859 S.W.2d 408,
412 (Tex. App.—Houston [1st Dist.] 1993, writ denied). When evaluating a motion
for summary judgment, we assume all the non-movant’s evidence is true. Science
Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 911 (Tex. 1997). We indulge every
reasonable inference in favor of the non-movant. Id. We resolve all doubts about the
existence of a genuine issue of any material fact against the movant. Johnson County
Sheriff’s Posse, Inc. v. Endsley, 926 S.W.2d 284, 285 (Tex. 1996). If the movants
show they are entitled to judgment as a matter of law, the non-movant must present
evidence raising a fact issue to defeat a motion for summary judgment. Haight v.
Savoy Apartments, 814 S.W.2d 849, 851 (Tex. App.—Houston [1st Dist.] 1991, writ
denied).
DISCUSSION
          In issue one, appellant complains the trial court erred in granting summary
judgment because there exists a genuine issue of material fact as to Rollins, Sr.’s right
to take under the will. We agree.
          As previously stated, it is undisputed that the decedent’s will was not self-proven as defined by the Probate Code. Tex. Prob. Code. Ann. § 59(b) (Vernon
Supp. 2002). Therefore, in order to admit the will to probate, the appellant was
required to introduce “the sworn testimony or affidavit of one or more of the
subscribing witnesses . . . , taken in open court.” Id. § 84 (b)(1) (Vernon 1980); In
re Estate of Livingston, 999 S.W.2d 874, 877 (Tex. App.—El Paso 1999, no pet.).
          According to the probate court’s order dated December 9, 1997:
                              On this day came on to be heard the 2nd Amended
Application filed herein by WILLIAM E. ROLLINS and
BARBARA J. EGAN on November 26, 1997, for the
probate of the will of Janie E. Rundhaug, hereinafter called
Decedent, and for issuance of Letters Testamentary.
 
                              The Court, after having heard and considered the
evidence, finds that legal notices of the filing of said 2nd
Amended Application have been issued and posted in the
manner and for the length of time required by law, and no
one came to contest same; and it further appearing that said
Will was not self-proved according to the law during the
life time of said Decedent; that Decedent died at Houston,
Harris County, Texas on October 8, 1997; that this Court
has jurisdiction and venue over the estate because
Decedent was domiciled in Texas and had a fixed place of
residence in Harris County, Texas at the time of her death;
that four years have not elapsed since the death of
Decedent or prior to the said 2nd Amended Application;
that Decedent, at the time of executing said will was over
eighteen (18) years of age and of sound mind; that said will
was executed on June 25, 1996 with the formalities and
solemnities and under the circumstances required by law to
make it a valid will; that such Will has not been revoked by
Decedent; that no state, governmental agency of the State,
nor charitable organization is named by the Will as a
devisee; that Decedent’s Will named Applicants to serve as
Co-Executors to act Independently without bond or other
security, in which capacity Applicants would not be
disqualified by law from serving as such or from accepting
Letters Testamentary, and Applicants would be entitled to
such Letters.
 
IT IS THEREFORE, ORDERED AND DECREED
by the Court that said Will is hereby proved and
established and admitted to probate and recorded as the
LAST WILL AND TESTAMENT of said Janie E.
Rundhaug, Deceased, and that WILLIAM E. ROLLINS
and BARBARA J. EGAN be, and are hereby appointed
Independent Co-Executors of said Will and Estate without
bond.

(Emphasis added).

          In appellees’ motion for summary judgment, they rely heavily on sections 61
and 62 of the probate code. Tex. Prob. Code. Ann. §§ 61, 62 (Vernon 1980). 
Appellees contend that these two sections void Rollins Sr.’s bequests under the will
as a matter of law because, they allege, Rollins Sr. was the only witness at the
evidentiary hearing.
          Section 61 provides as follows:
should any person be a subscribing witness to a will, and
also be a legatee or devisee therein, and if the will cannot
be otherwise established, such bequest shall be void, and
such witness shall be allowed and compelled to appear and
give his testimony in like manner as if no such bequest had
been made. . . . 

Id. at § 61 (emphasis added).
Section 62 provides as follows:
In the situation covered by the preceding Section, the
bequest to the subscribing witness shall not be void if his
testimony proving the will is corroborated by one or
more disinterested and credible persons who testify that
the testimony of the subscribing witness is true and
correct, and such subscribing witness shall not be regarded
as an incompetent or non-credible witness under Section
59 of this Code.

Id. § 62 (emphasis added).
          In support of their claim that Rollins Sr. was the only witness at the probate
hearing, appellees rely on Rollins Sr.’s affidavit, titled “Proof by Subscribing
Witness,” which was filed with the probate court before the will was admitted to
probate. However, this affidavit does not establish that the probate court did not hear
additional evidence before admitting the will to probate. Appellees’ unsworn
statements in their motion for summary judgment and reply do not constitute
evidence. See Liggett v. Blocher, 849 S.W.2d 846, 852 (Tex. App.—Houston [1st
Dist.] 1993, no writ); Kendall v. Whataburger, Inc., 759 S.W.2d 751, 754 (Tex.
App.—Houston [1st Dist.] 1988, no writ). Further, appellees failed to present any
summary judgment evidence establishing the unavailability of any other disinterested
witness who could prove-up the will. It is undisputed that Forrest Moore, who also
signed the will as a witness, was a disinterested witness who could establish the will. 
There was no evidence Forrest Moore was unavailable at the hearing on the
application for probate, or at the time of the hearing on the motion for summary
judgment.


 
          Appellees failed to meet their burden to prove their entitlement to summary
judgment. Accordingly, the trial court erred in granting their motion for summary
judgment.
          We sustain appellant’s first issue.




CONCLUSION
          We reverse the judgment and remand the case to the trial court.



                                                                        Margaret Garner Mirabal
                                                                        Justice
 
Panel consists of Justices Mirabal, Nuchia, and Price.



Do not publish. Tex. R. App. P. 47.4.